PRESENT: Hassell, C.J., Lacy, Keenan, Kinser, Lemons, and Agee, JJ., and Carrico, S.J.

THE RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA

                                    OPINION BY
v.    RECORD NO. 030258          JUSTICE G. STEVEN AGEE
                                    January 16, 2004
TINA MARIE CARTER

           FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
                        Edward L. Hogshire, Judge

     The Rector and Visitors of the University of Virginia

("UVA") appeal an interlocutory order of the Circuit Court of

the City of Charlottesville pursuant to Code § 8.01-670.1.  On

appeal, UVA argues that the Virginia Tort Claims Act (Code

§§ 8.01-195.1 through –195.9) provides for limited waiver of the

sovereign immunity of the Commonwealth but leaves intact the

sovereign immunity of the Commonwealth's agencies.

                  I.   BACKGROUND AND PROCEEDINGS BELOW

     This case arises from a medical malpractice action brought

by Tina Marie Carter ("Carter") alleging negligence in the

insertion of an epidural catheter.  Carter timely filed a motion

for judgment against the University of Virginia Health System

("UVHS"), and a resident physician.  The resident physician

filed a plea of sovereign immunity and was dismissed as a party.

UVHS then moved for summary judgment asserting it is not capable

of being sued because it is not a legal entity.  In response,

Carter moved to amend her motion for judgment to substitute UVA

as the sole defendant in place of UVHS.  The trial court granted Carter's motion to amend.  The Commonwealth is not named as a party defendant in Carter's pleadings.

UVA filed a plea of sovereign immunity, which the trial court denied by order dated October 26, 2001.  With Carter's consent, UVA moved the trial court to certify an interlocutory appeal from that order pursuant to Virginia Code § 8.01-670.1.  The trial court entered the order of certification dated January 29, 2003.  We granted UVA this appeal.

## II.  ANALYSIS

The Virginia Tort Claims Act (the "Act"), provides that:

> the Commonwealth shall be liable for claims for money
> . . . on account of . . . personal injury or death
> caused by the negligent or wrongful act or omission of
> any employee while acting within the scope of his
> employment under circumstances where the Commonwealth
> . . ., if a private person, would be liable to the
> claimant for such . . . injury or death.

Code § 8.01-195.3 (emphasis added).  UVA argues that the Act provides an express, limited waiver only of the Commonwealth's sovereign immunity but does not disturb the sovereign immunity of the Commonwealth's agencies.  We agree.

Absent an express statutory or constitutional provision waiving sovereign immunity, the Commonwealth and its agencies are immune from liability for the tortious acts or omissions of their agents and employees.  Patten v. Commonwealth, 262 Va. 654, 658, 553 S.E.2d 517, 519 (2001); Baumgardner v.

2

Southwestern Va. Mental Health Inst., 247 Va. 486, 489, 442 S.E.2d 400, 401 (1994). "In 1981, the General Assembly stated in the Act an express, limited waiver of the Commonwealth's immunity from tort claims." Patten, 262 Va. at 658, 553 S.E.2d at 519; see also Baumgardner, 247 Va. at 489, 442 S.E.2d at 402. The limited waiver provided for in the Act will be strictly construed because the Act is a statute in derogation of the common law. Patten, 262 Va. at 658, 553 S.E.2d at 519; Baumgardner, 247 Va. 486, 489, 442 S.E.2d at 402.

Under the plain language of the Act, the Commonwealth (and certain "transportation districts" not here relevant) are the only entities for which sovereign immunity is waived. See Code § 8.01-195.3 (stating that "the Commonwealth shall be liable for claims for money"). The Act contains no express provision waiving sovereign immunity for agencies of the Commonwealth, which we have stated repeatedly is a mandatory requirement before waiver occurs. Id. As an agency of the Commonwealth, UVA is entitled to sovereign immunity under the common law absent an express constitutional or statutory provision to the contrary. There is no such waiver in the Act or elsewhere. See James v. Jane, 221 Va. 43, 51, 282 S.E.2d 864, 868 (1980) (noting that UVA is entitled to the sovereign immunity granted to the Commonwealth under the common law).

Carter argues that Code § 8.01-195.4, which states that "the Commonwealth shall be a proper party defendant" in all actions brought against the Commonwealth under the Act, implies that the Commonwealth is not a necessary party to litigation under the Act. Because of the strict construction accorded to statutes in derogation of the common law and the lack of an express provision limiting the immunity of the Commonwealth's agencies, we decline to adopt this view. The Act's waiver of the Commonwealth's immunity would make the Commonwealth both a proper party, and given UVA's immunity, a necessary party to a claim by Carter.

Carter points out that Code § 8.01-195.6 requires plaintiffs bringing suit under the VTCA to file a written statement "which includes the time and place at which the injury is alleged to have occurred and the agency or agencies alleged to be liable." The fact that the statute refers to "the agency or agencies alleged to be liable," serves as proof, Carter argues, that the sovereign immunity of those entities has been waived. However, this language does not expressly waive agencies' sovereign immunity or even mention the concept. Moreover, as Carter admits, Code § 8.01-195.6 is simply a notice requirement apprising the Attorney General or the Director of the Division of Risk Management of the essential facts of the claim.

4

Finally, Carter asserts that "[i]t is axiomatic that the 'Commonwealth' can act, and thus can commit torts, only through its agencies and employees." The reality, of course, is that "agencies" are nothing more than administrative divisions of the Commonwealth and do not, in and of themselves, act. Ultimately, only an agency's employees can commit torts. Yet, since enactment of the VTCA, we have held on multiple occasions that employees of the Commonwealth are entitled to sovereign immunity. See e.g., Lohr v. Larsen, 246 Va. 81, 88, 431 S.E.2d 642, 646 (1993); Gargiulo v. Ohar, 239 Va. 209, 215, 387 S.E.2d 787, 791 (1990); Lentz v. Morris, 236 Va. 78, 83, 372 S.E.2d 608, 611 (1988). The VTCA waives the sovereign immunity of the Commonwealth only.

If the General Assembly desired in the Act to waive the sovereign immunity of the Commonwealth's agencies in addition to the immunity of the Commonwealth, it could have easily done so. It did not. Given the Act's lack of an express waiver of the common law sovereign immunity afforded the Commonwealth's agencies, UVA retains its sovereign immunity from the claim brought by Carter. Accordingly, the trial court was in error when it failed to grant UVA's plea of sovereign immunity in its October 26, 2001 order.

III.  CONCLUSION

5

For the reasons stated above, we will reverse the trial court's order denying UVA's plea of sovereign immunity.  The case will be remanded for entry of an order sustaining the defendant's plea of sovereign immunity and dismissing the case.

Reversed and remanded.