Present:  Hassell, C.J., Lacy, Keenan, Koontz, Lemons, and
Agee, JJ., and Russell, S.J.

PAULA BILLUPS                              OPINION BY
                                  SENIOR JUSTICE CHARLES S. RUSSELL
     v.  Record No. 040268              November 5, 2004

CAMERON CARTER, et al.

          FROM THE CIRCUIT COURT OF FLUVANNA COUNTY
                     John R. Cullen, Judge

     Paula Billups (the plaintiff), a prisoner at the Fluvanna

Correctional Center for Women (the center), brought an action

under 42 U.S.C. § 1983 in the trial court against the Virginia

Department of Corrections (VDOC) and Cameron Carter, formerly

a supervisor in the kitchen at the center and an employee of

VDOC.  The claim against Carter included a count for assault

and battery.  That action was filed on December 23, 2002.  On

January 24, 2003, the plaintiff filed a second § 1983 action

in the same court against Robert C. Armstrong and E.R.

Barrack, investigators employed by VDOC.  The two actions were

never formally consolidated, but the parties and the trial

court treated them as one.

     The defendants in both cases filed demurrers, pleas in

bar and motions to dismiss, all of which the trial court

sustained.  We granted appeals in both cases, which present

questions concerning the requirements of notice under the

Virginia Tort Claims Act (the Act), the exhaustion of

administrative remedies as a prerequisite to filing suit, the

applicable statute of limitations, and the amendment of pleadings to correct misnomer or to add parties.

Facts and Proceedings

Because the cases were decided on the pleadings, supplemented by affidavits, we will summarize the facts as set forth in those filings. While incarcerated at the center, the plaintiff was assigned to work in the kitchen, where Cameron Carter was employed as a supervisor with authority to direct her work and report her for any misconduct that could lead to her punishment. Under duress (Carter's threat of false reports of misconduct on her part), the plaintiff unwillingly engaged in sexual acts with him during the latter part of 2000 and early 2001. The last such act occurred on February 12, 2001, which was Carter's last day of employment with VDOC.[1]

The plaintiff reported Carter's conduct to "appropriate departmental officials" in February 2001, and "cooperated with [them] as they conducted their investigation." On January 11, 2002, the plaintiff's attorney wrote a letter to the warden of the center, requesting compensation for the injuries inflicted on her by Carter during the time of his employment by VDOC.

---

[1] Carter left his employment because of reports of similar misconduct with other female prisoners. He was indicted for his abuse of the plaintiff, entered a plea of guilty, and was, on October 12, 2001, convicted by the Circuit Court of Fluvanna County of a felony under Code § 18.2-64.2. He was sentenced to incarceration for a term of two years, four months.

The warden responded by letter dated January 27, 2002, stating:

> Fluvanna Correctional Center's administrative staff is very familiar with this situation and appropriate administrative action has been taken to address this issue. However, if Ms. Billups is not satisfied with this action, she is encouraged to utilize the Inmate Grievance Procedure by filing a formal grievance with the Institutional Grievance Coordinator. The Grievance process must be exhausted prior to seeking legal remedies.

In response, the plaintiff, on February 1, 2002, filed a grievance on a form provided by the center, claiming "compensation for [her] injuries." The center's grievance coordinator returned the form to the plaintiff without taking action on it "due to an expired filing period." Plaintiff's counsel again wrote to the warden on April 12, 2002, requesting that the coordinator's decision regarding lack of timeliness be appealed in accordance with VDOC's internal rules governing prisoner grievance procedures.[2] This resulted in a "Level I Warden's Response" addressed to the plaintiff and dated May 21, 2002, stating:

---

[2] VDOC's Inmate Grievance Procedure, as pertinent here, specifies three levels of review, first to the warden of the institution involved, second to the Regional Director and finally to the Director or Deputy Director of VDOC in certain cases. Many cases, including this one, are ineligible for the third level of appeal. In that event, the response to the inmate from the second level must state that this was the last level of appeal and that all administrative remedies have been exhausted. Virginia Department of Corrections, DOP 866: Inmate Grievance Procedure § 866-7.15 (Nov. 20, 1988) (DOP § 866-7.15).

3

It is noted that you met with the Institutional Investigator and the incident was referred to the Department of Corrections Investigative Unit. Conclusion of the investigation revealed that Mr. Carter did violate the Department of Corrections Policy 5-22 and was removed from employment.

Based on the above, this issue is deemed **FOUNDED.** An appropriate administrative remedy was provided.

If you are dissatisfied with the Level I response, you may appeal within (5) calendar days to the Regional Director . . . .

(Emphasis in original).

The plaintiff appealed to the second level, eliciting a response from VDOC's regional director, dated June 18, 2002 and received by her on June 28, 2002, stating:

Your grievance appeal has been reviewed along with the original complaint and the Level 1 response.

The decision of the Level 1 respondent is **UPHELD**.

When you reported the incident, it was referred to the Investigative Unit and, at the conclusion of the investigation, the case was referred for criminal prosecution.

In accordance with DOP 866 governing the Inmate Grievance Procedure, this is your last level of appeal.

(Emphasis in original).

The trial court's ruling sustaining the defendant's demurrers, pleas and motions was premised upon four underlying conclusions: that the plaintiff had failed to demonstrate compliance with the notice requirements of the Virginia Tort Claims Act, that she had failed to exhaust her administrative

4

remedies before filing suit, that her actions were barred by the statute of limitations, and that she had sued VDOC rather than the Commonwealth, the only proper party to such suits.

Analysis

A. Notice

The Commonwealth and its agencies are immune from liability for the tortious acts or omissions of their agents and employees in the absence of an express constitutional or statutory waiver of sovereign immunity. The Rector and Visitors of UVA v. Carter, 267 Va. 242, 244, 591 S.E.2d 76, 78 (2004). The General Assembly has provided an express, limited waiver of sovereign immunity by enacting the Virginia Tort Claims Act, Code §§ 8.01-195.1 through 195.9. This enactment, being in derogation of the common law, is strictly construed. Carter, 267 Va. at 245, 591 S.E.2d at 78.

Code § 8.01-195.6 provides, in pertinent part:

The claimant or his agent, attorney or representative shall, in a claim cognizable against the Commonwealth, mail the notice of claim via the United States Postal Service by certified mail, return receipt requested, addressed to the Director of the Division of Risk Management or the Attorney General in Richmond. . . .

In any action contesting the filing of the notice of claim, the burden of proof shall be on the claimant to establish mailing and receipt of the notice in conformity with this section.

The defendants contended, and the trial court held, that the foregoing provisions impose, as a jurisdictional

5

prerequisite, a requirement that there be appended to a motion for judgment seeking relief under the Act a copy of the original certified mail return receipt, or an affidavit to the effect that the notice had been sent and received as specified by the statute.  We do not agree.  The statute merely places upon the claimant the burden of proving proper mailing and receipt of the notice of claim in cases in which its filing is contested.  The defendants here made no contention that the plaintiff, as claimant, had in fact failed to give notice as required, but contended only that the motions for judgment were insufficient for failure to contain "required documentation" to that effect.  In the absence of a contest concerning the giving of actual notice, such "documentation" at the pleading stage was unnecessary.

B. Exhaustion of Administrative Remedies

Code § 8.01-195.3(7) provides that tort claims by prisoners against the Commonwealth are excluded from the operation of the Act

> . . . unless the claimant verifies under oath, by affidavit, that he has exhausted his remedies under the adult institutional inmate grievance procedures promulgated by the Department of Corrections.  The time for filing the notice of tort claim shall be tolled during the pendency of the grievance procedure.

The Federal Civil Rights Act, of which 42 U.S.C. § 1983 is a part, also prohibits suits by prisoners "until such

6

administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The one-year statute of limitations applicable to the assault and battery count against Carter, Code § 8.01-243.2, also contains a requirement that "all available administrative remedies" be exhausted before a prisoner may sue, and further provides that the limitation period shall be extended until six months after such remedies are exhausted.

The defendants contended, and the trial court held, that the plaintiff had failed to exhaust her administrative remedies because she had not filed her initial grievance on a printed form prescribed by VDOC within 30 days of Carter's last assault upon her. VDOC's inmate grievance procedures provide that grievances "are to be filed within 30 calendar days of the occurrence/incident . . . ," DOP § 866-7.14, and that "[i]nmates are to use the Regular Grievance Form (Attachment 2) to file their own grievances." Id. It is uncontested that the plaintiff did not file such a form until after the warden recommended, in a letter to her attorney, that she should do so.

Nevertheless, the question presented on appeal is not whether the plaintiff filed her grievance upon the prescribed form within 30 days but whether she exhausted her administrative remedies before filing suit.

We adhere to the rule that the principles of waiver and estoppel do not apply to the Commonwealth and that when acting in its governmental capacity it cannot be bound by the unauthorized acts or representations of its employees and agents. E.g., Ellis v. Commissioner, 206 Va. 194, 201, 142 S.E.2d 531, 536 (1965); Main v. Department of Highways, 206 Va. 143, 150, 142 S.E.2d 524, 529 (1965). The present appeal, however, does not turn upon the intentional waiver of a known right by the agents of the sovereign, or upon misleading conduct by such agents giving rise to the principles of estoppel. Rather, it turns upon whether the plaintiff, before filing suit, had in fact exhausted such administrative remedies as were available to her.

Within 30 days of Carter's last assault upon her, the plaintiff reported his conduct to the prison authorities and cooperated in their investigation, leading to his discharge, indictment and felony conviction. When her attorney wrote to the warden, asking for compensation for her, the warden replied that the center's staff was "very familiar with this situation" and that "appropriate action has been taken." The warden then "encouraged" the filing of a formal grievance proceeding if the plaintiff was unsatisfied with the action already taken. When that step was taken, it failed and was appealed. The appeal resulted in a finding that the grievance

8

was "founded" but that the administrative action already taken against Carter was sufficient. That determination was then appealed to the second and final level of appeal provided under VDOC's grievance procedures, resulting in an affirmance of the finding in the first appeal. At both levels of appeal, the grievance was found to be valid and supported by the facts, but the requested remedy was denied. The letter to the plaintiff conveying the final ruling on the grievance concluded with the words: "this is your last level of appeal."

In a different but analogous context, we recently held that reasonable compliance with the requirements of the Act, not perfect compliance, was sufficient to invoke its statutory waiver of sovereign immunity. Bates v. Commonwealth, 267 Va. 387, 394-95, 593 S.E.2d 250, 254-55 (2004). There, we found a description of the "place of injury" in the plaintiff's notice in a medical malpractice case sufficient where it simply named the hospital in which the alleged malpractice had occurred, rejecting the argument that the notice should have named the precise building, floor and room. Id. In the circumstances of the present case, we are unable to say that the plaintiff failed to exhaust her administrative remedies and hold that she took all reasonably necessary steps to do so.

C. Statute of Limitations

9

The defendants argued, and the trial court held, that the statute of limitations applicable to § 1983 actions was one year, as prescribed by Code § 8.01-243.2, which governs personal actions brought by inmates of correctional institutions relating to the conditions of their confinement. Congress has not adopted a statute of limitations governing actions under 42 U.S.C. § 1983. Rather, 42 U.S.C. § 1988(a) authorizes the federal courts to borrow state limitation periods when not inconsistent with federal law. Owens v. Okure, 488 U.S. 235, 239 (1989). The United States Supreme Court specifically held that "courts considering § 1983 claims should borrow the general or residual [state] statute for personal injury actions." Id. at 250. Our general or residual statute of limitations provides, in pertinent part, that every action for personal injury, "whatever the theory of recovery . . . shall be brought within two years after the cause of action accrues." Code § 8.01-243(A). We hold that § 1983 actions brought in Virginia courts are governed by the two-year limitation prescribed by that section. Accordingly, the plaintiff's § 1983 actions were timely because they were brought within two years after Carter's last assault upon her.

The plaintiff's common-law assault and battery count against Carter is governed by the one-year limitation period prescribed by Code § 8.01-243.2 but, as noted above, that

10

section also provides for an extension of up to six months after all administrative remedies have been exhausted.[3] The record shows that the plaintiff received notice of the final determination of her grievance appeal on June 28, 2002 and the time period after her exhaustion of administrative remedies runs from that date. Her suit against Carter was instituted on December 23, 2002, within the six month period. Thus, the trial court erred in holding the plaintiff's claims barred by the statute of limitations.

D. Misnomer or Amendment to Add Party.

After this case was decided in the trial court, we held, in Carter, 267 Va. at 245, 591 S.E.2d at 78, that the Commonwealth was both a necessary party and a proper party to actions brought under the Act, because the Act had the effect of creating a limited waiver of the sovereign immunity of the Commonwealth but not of its agencies. On January 27, 2003, the plaintiff moved the trial court to "correct a misnomer" by changing the name of VDOC in the caption of the suit to the Commonwealth, or in the alternative, to add the Commonwealth as a party defendant. The court denied the motion because the plaintiff's suits were to be dismissed on other grounds.

---

[3] All counts in both motions for judgment are based upon § 1983 claims except for the assault and battery count against Carter.

11

Because we conclude that the actions should not have been so dismissed, the motion to add the Commonwealth as a party defendant should have been granted.[4]  The motion to add was made within the two-year limitation period applicable to § 1983 claims and there was no danger of prejudice to the Commonwealth by reason of late notice.  The Attorney General has defended both actions from their inception and continues to represent all parties defendant, except Carter, on appeal.

Code § 8.01-7 provides:

> In any case in which full justice cannot be done, or the whole controversy ended, without the presence of new parties to the suit, the court, by order, may direct the clerk to issue the proper process against such new parties, and, upon the maturing of the case as to them, proceed to make such orders or decrees as would have been proper if the new parties had been made parties at the commencement of the suit.

"Leave to amend shall be liberally granted in furtherance of the ends of justice."  Rule 1:8.  Had the trial court not dismissed the cases on other grounds, a denial of the motion to add the Commonwealth as a party defendant would have constituted an abuse of discretion, given the circumstances discussed above.  See Kole v. City of Chesapeake, 247 Va. 51, 57, 439 S.E. 2d. 405, 409 (1994).

### Conclusion

---

[4] Code § 8.01-6, relating to the correction of a misnomer, is inapplicable.  It applies when the right person is wrongly named, not where the wrong entity is named. Swann v. Marks, 252 Va. 181, 184, 476 S.E.2d 170, 172 (1996).

Because the trial court erred in denying the plaintiff's motion to add the Commonwealth as a party defendant, in sustaining the defendants' demurrers, pleas and motions to dismiss, and in dismissing the actions, we will reverse the final orders in both cases and remand them to the trial court for further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>