# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Tina Marie Carter

v.

Commonwealth of Virginia

April 28, 2005

Case No. CL00-09

BY JUDGE EDWARD L. HOGSHIRE

This matter comes before the court on the Commonwealth of Virginia's Plea of the Statute of Limitations. Based on the reasons articulated below, Defendant's plea is granted and the case is dismissed.

Defendant has also filed a Plea of Sovereign Immunity. However, this issue is moot as a result of the Court's ruling on the Plea of the Statute of Limitations.

*Procedural Background*

On January 11, 2000, Tina Marie Carter filed a Motion for Judgment against the University of Virginia Health System ("UVHS") and Gisele C. Claridge, M.D., in the Circuit Court of the City of Charlottesville, alleging that Dr. Claridge negligently administered to her an epidural anesthetic on January 15, 1998, while Plaintiff was a patient at the University of Virginia Hospital. Prior to filing this Motion for Judgment, on January 14, 1999, Plaintiff sent a Notice of Claim to the Office of the Attorney General, asserting that Dr. Claridge negligently administered the epidural and that the University of Virginia Hospital and the University of Virginia Health System would be responsible for Dr. Claridge's negligence under a theory of *respondeat superior*.

Dr. Claridge was subsequently dismissed from the action on the basis of sovereign immunity by this Court on August 23, 2000. On March 15, 2001, UVHS moved for summary judgment, arguing that, because UVHS was not a legal entity, it was not a proper party defendant. Plaintiff filed an Amended Motion for Judgment and named The Rector and Visitors of the University of Virginia ("UVA") as the defendant on August 3, 2001.

UVA filed a plea of sovereign immunity and a plea of the statute of limitations on August 27, 2001. The Court denied both pleas in an order entered on October 26, 2001. UVA then filed an interlocutory appeal with the Virginia Supreme Court pursuant to Va. Code § 8.01-670.1. The Supreme Court reversed this Court's denial of UVA's pleas on January 16, 2004. The Supreme Court held that the Virginia Tort Claims Act is an express limited waiver of the Commonwealth's sovereign immunity but not that of the Commonwealth's agencies. *Rector and Visitors of the University of Virginia v. Carter*, 267 Va. 242, 244 (2004). Further, the Supreme Court held that the Commonwealth is a necessary party to Plaintiff's action under the Virginia Tort Claims Act. *Id.* at 245.

Plaintiff filed a Second Amended Motion for Judgment on October 15, 2004, naming the Commonwealth as defendant. The Commonwealth filed a plea of the statute of limitations on November 24, 2005, asserting that Plaintiff failed to file her action within eighteen months of filing her Notice of Claim with the Attorney General, as required by the Virginia Tort Claims Act. *See* Va. Code § 8.01-195.7. Both sides filed briefs on the issue, and the Court heard oral arguments on April 26, 2005.

## Issue

Whether Plaintiff's amended pleading relates back to her original pleading under Va. Code § 8.01-6.

## Analysis

Under Va. Code § 8.01-6, a misnomer in a pleading may be amended by inserting the correct name. The amended pleading relates back to the original pleading, provided that the pleading meets the prerequisites set forth in the statute. *See* Va. Code § 8.01-6. This "relation back" provision only applies when the original pleading contained a misnomer, creating a situation in which the right party is before the court but was incorrectly named. Misnomers only apply to a mistake of name, not a mistake of person. *Swann v. Marks*, 252 Va. 181, 184 (1996). The provision does not apply when an

amendment seeks to assert claims against a new defendant, even when the amendment adds a "necessary party." *Mendenhall v. Cooper*, 239 Va. 71 (1990).

The Virginia Tort Claims Act requires all parties with a cognizable claim against the Commonwealth to provide written notice of the claim. Va. Code § 8.01-195.6. All claims against the Commonwealth made pursuant to the Virginia Tort Claims Act that are not commenced within eighteen months of filing the Notice of Claim are time-barred. Va. Code § 8.01-195.7.

The facts of the present case are similar to those in *Billups v. Carter*, 268 Va. 701 (2004). In that case, the plaintiff sued the Virginia Department of Corrections ("VDOC"), alleging that her supervisor at the Fluvanna Correctional Center threatened to make false reports of misconduct if the plaintiff did not engage in sexual acts with him. *Id.* at 705. The action was timely filed, but sixteen days before the statute of limitations was set to expire, the plaintiff moved to "correct a misnomer" by changing the defendant from VDOC to the Commonwealth of Virginia or, alternately, add the Commonwealth of Virginia as a party. *Id.* at 711. Because the case was to be dismissed on other grounds, this issue was not addressed by the trial court. In reversing the lower court's dismissal of the case, the Virginia Supreme Court noted that the Commonwealth of Virginia was a necessary party under the Virginia Tort Claims Act and that the plaintiff, who acted within the period allowed by the statute of limitations, should have been permitted to add the Commonwealth as a defendant. *Id.* Significantly, the Court further added that Va. Code § 8.01-6 was inapplicable on the ground that VDOC was not a party "wrongly named," with the obvious inference being that VDOC was in fact an incorrect party. *Id.* at 712, n. 4. The footnote adds that the latter code provision "applies when the right person is wrongly named, not where the wrong entity is named." *Id.* (citing *Swann, supra*). Although this language appears in a footnote and is arguably dicta, it is certainly indicative of how the Virginia Supreme Court will view the issue presented in the case at bar.

In the present case, Plaintiff filed suit against an agency of the Commonwealth. However, the agency was not a proper party to the claim. *Rector and Visitors of the University of Virginia v. Carter*, 267 Va. at 244. The Virginia Supreme Court left no doubt that the Commonwealth of Virginia was the necessary and proper defendant. *Id.* at 245. Plaintiff here did not file an amended motion naming the Commonwealth until nearly four years after the statute of limitations had run. As the Virginia Supreme Court noted in *Billups*, naming an agency as a defendant in place of the Commonwealth is not a misnomer; rather, the Commonwealth and its agencies are distinct, separate parties. Because the pleadings here were amended to add a new party

rather than to correct a misnomer, Va. Code § 8.01-6 does not apply. As the pleadings were not amended to name the Commonwealth before the statute of limitations expired, the claim is time-barred and must be dismissed. Although this result is harsh from the Plaintiff's perspective, the recent decisions from the Virginia Supreme Court cited above leave no room for a contrary interpretation.

## Conclusion

For the reasons set forth above, the Commonwealth's Plea of the Statute of Limitations is hereby granted, and the case is dismissed.