# CIRCUIT COURT OF THE CITY OF NORFOLK

Cynthia L. Baird,
Administrator of the Estate of
Janet Louise Barnes,
deceased

v.

Gordon K. Stokes et al.

Case No. (Civil) No. CL10-227

By JUDGE JOHN R. DOYLE, III

November 2, 2010

This is to advise that I signed the Order allowing plaintiff to amend the Complaint in this case to bring in additional party defendants, including the Sentara Healthcare System.

I want to advise counsel that my wife is the Director of Marketing for the Sentara Healthcare System. While I do not believe that I have a *per se* conflict with hearing cases involving the Sentara Healthcare System, I will defer to counsel to determine if the particulars of this case are such that anyone would prefer that I recuse myself.

If counsel does not have any concerns with my hearing this case, counsel should prepare and endorse a Waiver. If counsel does have concerns, they should provide me with an endorsed Order of Recusal, and I will enter it.

April 5, 2011

This matter is before the Court on the Commonwealth's Demurrer and Plea of Sovereign Immunity. The Commonwealth was recently added as a party defendant. The question before the Court is whether the Commonwealth of Virginia, by virtue of the provisions of the Virginia Tort Claims Act, §§ 8.01.195.1 through 8.01-216, has agreed to be liable for

claims for money damages based upon the negligence of employees of the Eastern Virginia Medical School (EVMS).

The Tort Claims Act pertains to employees of:

> any department, institution, authority, instrumentality, board, or other administrative agency of the government of the Commonwealth of Virginia.

Virginia Code § 8.01-195.2.

The Plaintiff points to Virginia Code § 23-14, which lists numerous institutions of higher learning including EVMS and provides in pertinent part that they:

> are hereby classified as educational institutions and are declared to be public bodies and constituted as governmental instrumentalities for the dissemination of education.

The Plaintiff reads the two statutes together to define an agency subject to the provisions of the Tort Claims Act as including any *institution* or *instrumentality*, which therefore would include EVMS, which is defined as both an educational *institution* and a governmental *instrumentality*.

In response, the Commonwealth emphasizes the phrase "*of the government of the Commonwealth of Virginia.*" The Commonwealth maintains that the inclusion in § 8.01-195.2 of the phrase "*of the government*" evinces the General Assembly's intent not to include all instrumentalities of the Commonwealth under the Tort Claims Act. The Commonwealth argues that EVMS is a unique statutory creation that is of such independent functioning as not to be a part of the government of the Commonwealth.

Two prior decisions of this Court speak to this issue and are adopted here. First and foremost, the Court previously ruled directly on point that Eastern Virginia Medical School is not a state agency for purposes of the Tort Claims Act. *Nazario v. Hughes*, Norfolk Circuit Court, Case No. CL04-1659 (Order of Feb. 11, 2005). The rationale behind the Court's ruling was stated orally from the bench. The Court declines to deviate from that clear precedent already set by this Court.

Additionally, in the context of deciding that EVMS was entitled to sovereign immunity, this Court classified EVMS as a municipality. *Mann v. Sentara Hospitals*, 59 Va. Cir. 433, 2003 LEXIS 25 (Sept. 11, 2002). In this context, one can see the import of the inclusion of the phrase "of the government," for a municipality created by the General Assembly can be said to be "of the Commonwealth" but is not "of the government of the Commonwealth."

In fairness, it should be noted that this Court also previously described EVMS as a "State University Medical School." *Washburn v. Klara*, Norfolk

Circuit Court, Case No. CL98-1105 (opinion letter of March 4, 1999). The context of that description was related to whether an employee of EVMS was entitled to sovereign immunity. The question before the Court was not to determine the exact governmental nature of EVMS and that side reference cannot be so described. The Court notes that EVMS could not accurately be described as a state university medical school and therefore does not consider that reference as precedent for this decision. A Board of Visitors composed of seventeen members governs EVMS. The Eastern Virginia Medical School Foundation appoints six members. The remaining eleven members are appointed in differing number by the City Councils of the seven Hampton Roads Cities. The Governor does not appoint any members of the Board of Visitors. EVMS is not included under the umbrella of the State Council of Higher Education. Va. Code § 23.9-5. Once again, the Court also refers to the subsequent analysis applied by Judge Charles E. Poston in his opinion letter in the *Mann* case referenced above, in which the Court did address the exact governmental nature of EVMS and determined it to be a municipality.

In this regard, EVMS is distinguishable from the University of Virginia, which the Supreme Court of Virginia described as a state agency in the same context of alleged medical malpractice by a resident physician employee of a medical school. *The Rectors and Visitors of the Univ. of Va. v. Carter*, 267 Va. 242, 591 S.E.2d 76 (2004).

The Court recognizes that the apparent result of this decision is that the Commonwealth has agreed to pay damages to a patient in the care of a negligent resident physician of the University of Virginia, but not to a patient of a negligent resident physician of the Eastern Virginia Medical School. This may seem incongruent, but is logical if the nature of EVMS is such that the government of the Commonwealth has no influence or control over it. Additionally, it is in keeping with the principle that sovereign immunity applies until clearly waived by the Commonwealth. Should the General Assembly decide to afford patients or employees of EVMS the same benefit of the Tort Claims Act, it can clearly do so.

The Court finds that EVMS is a municipality and is not a part of the government of the Commonwealth. The Court therefore finds that EVMS is not subject to the provisions of the Tort Claims Act. The Court sustains the Commonwealth's Demurrer and Plea of Sovereign Immunity. The Court requests that Ms. Monolo prepare an order dismissing the Commonwealth of Virginia as a defendant in this case.