COURT OF APPEALS OF VIRGINIA

Present:    Judges Fulton, Ortiz and Lorish
Argued by videoconference

**UNPUBLISHED**

CAROL NORMAN DREW

MEMORANDUM OPINION[*] BY
v.      Record No. 0188-24-1        JUDGE LISA M. LORISH
JUNE 17, 2025

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Marjorie A. Taylor Arrington, Judge

Carol Norman Drew, *pro se*.

No brief or argument for appellee.

Carol Norman Drew sued the Commonwealth under the Virginia Tort Claims Act
(VTCA), alleging that the Commonwealth was negligent through actions and inactions that led
him to contract the COVID-19 virus while incarcerated.  The trial court granted the
Commonwealth's plea in bar based on sovereign immunity after concluding that methods of
imprisonment were proprietary rather than governmental functions, applying the test that governs
liability of municipalities.  We reverse the trial court's judgment and remand for further
proceedings because our decision in *Commonwealth v. Muwahhid*, 77 Va. App. 821, 832 (2023),
makes clear that the test for municipal liability does not apply in suits against the Commonwealth
under the VTCA.

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

During the COVID-19 pandemic, Drew was incarcerated at St. Brides Correctional Center, which is operated by the Virginia Department of Corrections (VDOC). In January 2021, Drew resided in housing unit 330-A with other inmates, including Young Dozier. On January 18, 2021, Dozier experienced a fever, dizziness, and a headache, so he met with a nurse. The nurse did not administer a COVID-19 test, but nonetheless told Dozier that he did not have COVID-19. She returned him to housing unit 330-A without any testing. On January 20, 2021, Drew began experiencing symptoms consistent with COVID-19. On January 23, 2021, Dozier and Drew tested positive for COVID-19. Drew's sickness caused headaches, fever, dizziness, and pain in his neck, back, and shoulders, in addition to a loss of taste and smell.

Drew sued the Commonwealth for negligence under the VTCA. He alleged that the Commonwealth owed him a "general duty of care to prevent him from being injured and contracting COVID-19 from Dozier." In support of his assertion that the Commonwealth owed him a duty of care, Drew attached to his complaint a letter from VDOC to inmates state-wide stating that "[s]lowing the spread of this virus is everyone's responsibility." Drew alleged that the Commonwealth breached its duty by not immediately separating him and Dozier when Dozier exhibited and reported COVID-19 symptoms.

Responding to Drew's complaint, the Commonwealth filed a plea in bar and demurrer based on sovereign immunity. The Commonwealth argued that the VTCA does not permit lawsuits pursuing constitutional claims such as those alleging cruel and unusual punishment or a violation of

---

[1] "Where no evidence is taken in support of a plea in bar, the trial court, and the appellate court upon review, consider solely the pleadings in resolving the issue presented." *Gray v. Va. Sec'y of Transp.*, 276 Va. 93, 97 (2008) (quoting *Niese v. City of Alexandria*, 264 Va. 230, 233 (2002)). "The facts as stated in the pleadings by the plaintiff are taken as true for the purpose of resolving the special plea." *Niese*, 264 Va. at 233. "We are not bound, however, by the 'conclusory allegations' set forth in the" pleadings. *Terry v. Irish Fleet, Inc.*, 296 Va. 129, 133 (2018) (quoting *Brown v. Jacobs*, 289 Va. 209, 212 n.2 (2015)).

due process rights. Drew responded that his negligence suit did not assert constitutional claims but was a negligence action properly brought under the VTCA. The Commonwealth moved for summary judgment, arguing that there were no disputed facts about whether the Commonwealth owed a duty of care to prevent Drew from getting COVID-19, or whether the Commonwealth had breached that duty. Drew also moved for summary judgment. After their summary judgment briefs were filed, this Court issued its decision in *Muwahhid*, 77 Va. App. at 821.

A few months later, in a letter opinion, the trial court relied on *City of Chesapeake v. Cunningham*, 268 Va. 624, 633-34 (2004), to hold that "[b]ecause methods of imprisonment are governmental functions, the Commonwealth possesses sovereign immunity" and thus ruled that "there is no express abrogation of that immunity applicable in the instant case." As a result, the trial court sustained the Commonwealth's plea in bar and dismissed the case with prejudice without ruling on the pending motions for summary judgment. The trial court denied Drew's motion to reconsider. Drew now appeals.

## ANALYSIS

"A plea in bar asserts a single issue, which, if proved, creates a bar to a plaintiff's recovery." *Massenberg v. City of Petersburg*, 298 Va. 212, 216 (2019) (quoting *Hawthorne v. VanMarter*, 279 Va. 566, 577 (2010)). "We review de novo a trial court's ruling on a plea of sovereign immunity." *Pike v. Hagaman*, 292 Va. 209, 214 (2016).

Under the doctrine of sovereign immunity, "the Commonwealth and its agencies are immune from liability for the tortious acts or omissions of their agents and employees" unless an "express statutory or constitutional provision[] waiv[es] immunity." *Melanson v. Commonwealth*, 261 Va. 178, 181 (2001). Such a waiver "will not be implied from general statutory language but must be explicitly and expressly stated in the statute." *Alliance to Save the Mattaponi v. Commonwealth Dep't of Env't Quality ex rel. State Water Control Bd.*, 270 Va. 423, 455 (2005).

"In 1981, the General Assembly enacted the [VTCA] which provides for an express, limited waiver of the Commonwealth's immunity from tort claims." *Canter v. Commonwealth*, 82 Va. App. 593, 602 (2024) (alteration in original) (quoting *Rector & Visitors of the Univ. of Va. v. Carter*, 267 Va. 242, 244 (2004)). "[B]ut the waiver is a limited one and the VTCA, being an enactment in derogation of the common law, is strictly construed." *Id.* (quoting *Doud v. Commonwealth*, 282 Va. 317, 321 (2011)). The VTCA's "private-person clause" waives the Commonwealth's sovereign immunity in civil suits for personal injury "under circumstances where the Commonwealth . . . if a private person, would be liable to the claimant for such damage, loss, injury or death." Code § 8.01-195.3.

In *Muwahhid*, 77 Va. App. at 830, this Court rejected the Commonwealth's argument that a "private person cannot operate a prison" and that the "private-person clause" means that the Commonwealth is immune "from tort liability where the allegedly tortious act or omission arises from the performance of *any* governmental function." The Court concluded that the plain text of the VTCA requires the opposite result for suits against the Commonwealth:

> It focuses not on whether a private person "could" perform the same activity but whether liability "would" exist if the Commonwealth were swapped with a private person. If a claimant would have a legitimate cause of action against a private person under traditional tort principles—duty, breach, proximate causation, and damages— then the Commonwealth has waived its immunity for such a claim and may be liable just as a private person would.

*Id.* This contrasts with the rule for municipalities. Sovereign immunity protects municipalities only when they are exercising "'*governmental functions*'—that is, those 'powers and duties performed exclusively for the public welfare'—but not for 'proprietary functions,' which 'are performed primarily for the benefit of the municipality.'" *Id.* at 832 (quoting *Cunningham*, 268 Va. at 633-34).

Thus, in *Muwahhid*, we explicitly rejected the use of the municipal liability test in suits against the Commonwealth for the manner in which prison personnel effectuated its policies. *Id.* at 836 (rejecting the "collapsing" of the municipal liability test into the VTCA). "Were the private-person clause to mean that the VTCA does not waive sovereign immunity whenever the government performs *any* governmental function, then the VTCA would not need any of the explicit exceptions" enumerated in the statute, "all of which describe quintessential governmental functions." *Id.* at 831. Based on the "plain meaning of the VTCA," "[i]f a claimant would have a legitimate cause of action against a private person under traditional tort principles—duty, breach, proximate causation, and damages—then the Commonwealth has waived its immunity for such a claim and may be liable just as a private person would." *Id.* at 830.

Drew argues that the trial court erred in ruling that the Commonwealth was immune from suit because it was performing a governmental function under the municipal liability test.[2] We agree that sovereign immunity here does not turn on whether the Commonwealth was performing a "governmental function." As we held in *Muwahhid*, "nothing in the plain text of the private-person clause or its surrounding language suggests the distinct test for municipal liability should apply." *Id.* at 832. Thus, the trial court erred by focusing on whether the Commonwealth was performing a "governmental function," an inquiry relevant only to the municipal liability context, which is not present here.

The Commonwealth asserted a defense of sovereign immunity through a plea in bar. "The party asserting a plea in bar bears the burden of proof on the issue presented." *VanMarter*, 279 Va. at 577. As the Commonwealth did not present any other argument as to why sovereign immunity

---

[2] Although the trial court did not explicitly state which test it used to determine whether sovereign immunity applied, its ruling found the Commonwealth immune for performing a "governmental function" and cited to *Cunningham*, which implies the use of the municipal liability test.

should apply here, we reverse and remand the trial court's judgment sustaining the

Commonwealth's plea in bar based on the "governmental function" test.[3]

CONCLUSION

For these reasons, we reverse the trial court's judgment sustaining the Commonwealth's

plea in bar and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*

---

[3] In so ruling, we pass no judgment on the merits of either pending motion for summary judgment.