# COURT OF APPEALS OF VIRGINIA

---

### Record No. 1986-24-2

---

JENNIFER PETERSEN

v.

SPOTSYLVANIA COUNTY PUBLIC SCHOOL BOARD, ET AL.

---

Present: Chief Judge Decker, Judges Beales and Athey

Opinion Issued May 26, 2026[*]

---

### FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
William E. Glover, Judge

(Jennifer Petersen, on briefs), *pro se.*

(W. Thomas Chappell; Sophia L. Arnold; Woods Rogers Vandeventer Black PLC, on brief), for appellee.

---

### MEMORANDUM OPINION
### PER CURIAM

Jennifer Petersen ("Petersen") challenges the decision of the Circuit Court of Spotsylvania County ("circuit court") dismissing her petition for a writ of mandamus and declaratory and injunctive relief against the Spotsylvania County School Board and its members, Nicole Cole, Carol Medawar, Megan Jackson, Lorita Daniels, and Belen Rodas (collectively, the "school board"). Petersen assigns error to the circuit court for sustaining the school board's special plea of sovereign immunity, the school board's demurrers, and the school board's motion to dismiss for lack of standing. Finding no error, we affirm.[1]

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." *See* Code § 17.1-403(ii)(c); Rule 5A:27(c).

# I. BACKGROUND

Petersen, a resident of Spotsylvania County ("county"), is the parent of a student in the Spotsylvania County Public School System ("public school system"). The former superintendent of the public school system had previously directed the removal of certain books containing objectionable subject matter from public school libraries. But in January of 2024, the school board voted to return the previously removed books to public school libraries. Petersen, *pro se*, subsequently filed a petition in the circuit court requesting the issuance of a writ of mandamus and further declaratory and injunctive relief, seeking a mandate requiring the school board to remove the disputed books from the public school libraries again. In support, Petersen alleged that the objectionable books contained sexually explicit material inappropriate for children and that the school board's decision to reintroduce the books in the school libraries violated its own policies, as well as various state and federal statutes. Petersen subsequently filed a motion for leave to file an amended petition, which the circuit court granted, and Petersen then filed in the circuit court.

In response to the amended petition, the school board filed a special plea in bar based upon sovereign immunity, three demurrers, a motion to strike, a motion in abatement, and a motion to dismiss for lack of standing. The circuit court sustained the demurrers and granted the plea in bar and motion to dismiss, finding that the school board and its members were each entitled to sovereign immunity.[2]

---

[2] In its motion to strike the amended petition, the school board argued that Code § 8.01-644 requires a petition for a writ of mandamus to be verified by oath, which Petersen had failed to do. The circuit court noted that the school board was correct, but it denied the motion as moot because of its rulings on the other motions. Additionally, the school board moved for abatement because Petersen named "Spotsylvania County Public School" as a defendant, and "Spotsylvania County Public School" is not a legal entity capable of being sued. The court noted that there was "no confusion" that Petersen meant to name the school board as a defendant, but it denied the motion as moot because of its rulings on the other motions.

With respect to its first of three demurrers, the school board contended that the school board's decision to keep or remove books from a school library was discretionary and mandamus did not permit the circuit court to compel the performance of discretionary duties. In support of their second demurrer, the school board asserted that Petersen had failed to sufficiently request an adjudication of her rights in support of a declaratory judgment claim and had further failed to state any cognizable claim for relief that would support an injunction. Following the hearing, the circuit court sustained the first demurrer holding that the decision to remove the books was discretionary. The circuit court also sustained the second demurrer, holding that Petersen had failed to state a claim for relief under any of the statutes that she cited in her amended complaint.

Finally, with respect to the third demurrer, the school board claimed that Petersen's action constituted a petition for judicial review of a school board decision under Code § 22.1-87 and that Petersen had failed to bring her action within that statute's 30-day time limit, or, alternatively, had failed to exhaust her administrative remedies under Code § 22.1-87 before filing for mandamus. In support, the school board explained that the 30-day limitation period began in January of 2024 when the board voted to return the books to the school libraries (whereas Petersen filed her action in July of 2024). In response, Petersen contended that her current mandamus claim was not a petition for review under Code § 22.1-87, but that if it were, it was timely because the 30-day window started on June 10, 2024, when she obtained confirmation that the books had been returned to the school libraries. The circuit court agreed with the school board and sustained the third demurrer as well.

The school board further moved to dismiss the petition for lack of standing, which was also granted by the circuit court based upon Petersen's failure to allege that she had suffered any harm from the books being placed back onto the shelves of the school libraries. In fact, it was

- 3 -

her child who suffered the alleged harm, the court found, however Petersen had sued in her own name, rather than on behalf of her child.[3]

Petersen filed a motion to reconsider, which included a request for leave to amend the petition a second time. The circuit court denied the motion. Petersen appealed.

## II. ANALYSIS

### A. *Standard of Review*

"Where no evidence is taken in support of the plea, the trial court, and the appellate court upon review, must rely solely upon the pleadings . . . in resolving the issue presented." *City of Chesapeake v. Cunningham*, 268 Va. 624, 633 (2004). "The existence of sovereign immunity is a question of law that is reviewed de novo." *Id.*

### B. *The school board is entitled to sovereign immunity.*

On appeal, Petersen assigns error to the circuit court's rulings on each of the school board's motions, except for the motion in abatement. Petersen also assigns error to the circuit court's refusal to allow her to amend the petition a second time. As we find the sovereign immunity issue dispositive, we decline to reach the remainder of her arguments.

"It is an established principle of sovereignty, in all civilized nations, that a sovereign State cannot be sued in its own courts . . . without its consent and permission." *Gray v. Va. Secy. of Transp.*, 276 Va. 93, 101 (2008) (alteration in original) (quoting *Bd. of Pub. Works v. Gannt*, 76 Va. 455, 461 (1882)). "Thus, 'as a general rule, the sovereign is immune not only from actions at law for damages but also from suits in equity to restrain the government from acting or to compel it to act,'" *id.* at 102 (quoting *Hinchey v. Ogden*, 226 Va. 234, 239 (1983)), as well as declaratory judgment proceedings, *Afzall v. Commonwealth*, 273 Va. 226, 231 (2007). In each

---

[3] The record indicates that the circuit court held a hearing on October 7, 2024, but a transcript of that hearing is not in the record.

case, "[a] special plea of sovereign immunity, if proven, creates a bar to a plaintiff's claim of recovery." *Cunningham*, 268 Va. at 633.

Sovereign immunity applies to both "[t]he Commonwealth and its agencies." *Gray*, 276 Va. at 102 (quoting *Billups v. Carter*, 268 Va. 701, 707 (2004)). School boards, despite being "public quasi corporations" that act at a local level, are state agencies for purposes of the doctrine. *Kellam v. Sch. Bd.*, 202 Va. 252, 254 (1960); *accord Maddox v. Commonwealth*, 267 Va. 657, 664 (2004). Thus, "[s]chool boards are covered by sovereign immunity." *Newport News Sch. Bd. v. Z.M.*, 304 Va. 276, 280 (2025). "'And because the Commonwealth can act only through individuals,' the doctrine of sovereign immunity 'applies not only to the state, but also to certain government officials,'" including "school officials acting in their official capacities."[4] *Ibanez v. Albemarle Cnty. Sch. Bd.*, 80 Va. App. 169, 189-90 (2024) (quoting *Gray*, 276 Va. at 101).

"The Commonwealth, however, can waive sovereign immunity and consent to being sued in its own courts." *Gray*, 276 Va. at 102. Waiver occurs in two instances: 1) "where statutory language 'explicitly and expressly,' allows a private right of action," and 2) "where a constitutional provision is 'self-executing.'" *Ibanez*, 80 Va. App. at 190 (quoting *Gray*, 276 Va. at 102); *see, e.g.*, *Z.M.*, 304 Va. at 281-82 (discussing express waiver of sovereign immunity for actions arising from accidents involving vehicles owned by localities or school boards).

---

[4] Petersen did not specify in her complaint whether her claims are against the board members in their individual or official capacities, but she, the appellees, and the circuit court have applied a single sovereign immunity analysis to the board and its constituent members, implicitly treating the claims against the board members as being brought against them in their official capacities. *See Drasovean v. Walts*, 85 Va. App. 293, 300 (2025) ("[A] suit against a government employee in his or her official capacity is functionally a suit against the government entity that the employee works for."); *Riddick v. Commonwealth*, 72 Va. App. 132, 146 (2020) (stating that an appellate court "cannot 'consider issues . . . not encompassed by [the] assignment of error'" (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 290 (2017))).

Because the school board is entitled to immunity, the question in this case is whether there is any statutory or constitutional waiver of that immunity here. There is not. Petersen points to Code §§ 8.01-195.2, 9.1-706, 15.2-1405, and 22.1-71 as allowing a private right of action that waives the school board's immunity, but none of them does so.[5]

Code § 22.1-71 provides, in relevant part, that a school board "may sue, be sued, contract, be contracted with and, in accordance with the provisions of this title, purchase, take, hold, lease and convey school property, both real and personal." In *Elizabeth River Tunnel Dist. v. Beecher*, 202 Va. 452, 457 (1961), the Supreme Court of Virginia held that almost the exact same language in a different statute did not waive sovereign immunity. *See id.* ("The fact that the [statute] provides that it 'may sue and be sued' cannot be advanced as an assertion of State waiver of immunity or State consent to suit for torts."). The language in Code § 22.1-71 providing that a school board may sue or be sued provides "a procedural right only," allowing a school board to participate in lawsuits where otherwise appropriate. *See id.* Thus, Code § 22.1-71 is not a waiver of the school board's immunity.

Code §§ 8.01-195.2 and 9.1-706 do not waive the school board's sovereign immunity either. Petersen correctly asserts that Code § 9.1-706, which is located in a series of statutes that

---

[5] Petersen also asserts that sovereign immunity is unconstitutional because "[s]overeign immunity is a violation of . . . the right to redress a government on grievances." She also argues that "Virginia residents are assured under Article 1, Sec. 3 of the Constitution of Virginia to have a government free from maladministration and for the greatest benefit of the governed." She further asserts that under "Article 1, Sec. 12 of the Constitution of Virginia, a citizen's right to redress their government on grievances shall not be infringed upon by laws passed by the General Assembly." She did not, however, present these arguments to the circuit court and thus has waived them for our consideration. *See* Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice."); *Ohree v. Commonwealth*, 26 Va. App. 299, 308 (1998) ("Rule 5A:18 applies to bar even constitutional claims."). Although Rule 5A:18 contains exceptions for good cause or to meet the ends of justice, Petersen has not invoked either exception, and we do not consider them sua sponte. *Spanos v. Taylor*, 76 Va. App. 810, 827-28 (2023).

cover overtime compensation for certain emergency employees, affirms the immunity of the Commonwealth of Virginia: "The immunity of the Commonwealth and of any 'agency' as defined in § 8.01-195.2 is hereby preserved." *See* Code §§ 9.1-700 to -706. But Petersen claims that the immunity of a school board is *not* preserved because school boards are not defined as an "agency" under Code § 8.01-195.2, a part of the Virginia Tort Claims Act ("VTCA"). Not so. The function of Code § 8.01-195.2 is solely to define the terms "[a]s used in" the VTCA, not to make any connections between the VTCA and statutes governing overtime compensation for first responders. *See* Code §§ 8.01-195.1 to -195.9. Code § 9.1-706, which specifically preserves sovereign immunity for the Commonwealth and its agencies, does not operate to mean that Code § 8.01-195.2's exclusion of school boards from the definition of "agency" waives the immunity of school boards. The VTCA waives *only* the Commonwealth's sovereign immunity and does not disturb the immunity of agencies: "[T]he Act provides an express, limited waiver only of the Commonwealth's sovereign immunity but does not disturb the sovereign immunity of the Commonwealth's agencies." *Rector & Visitors of the Univ. of Va. v. Carter*, 267 Va. 242, 244 (2004). Neither does the VTCA waive the immunity of school boards. *See Z.M.*, 304 Va. at 280 ("School boards are covered by sovereign immunity."); *c.f. Drasovean v. Walts*, 85 Va. App. 293, 303 (2025) (Raphael, J., concurring) (noting that the Commonwealth's waiver of sovereign immunity under the VTCA "does not apply to tort claims against . . . school boards"). Thus, Petersen's preferred reading of these statutes cannot be harmonized to produce a waiver of sovereign immunity as such a result is inconsistent with the prerequisite that "[a] waiver of sovereign immunity will not be implied from general statutory language but must be explicitly and expressly stated in the statute." *Gray*, 276 Va. at 102 (quoting *All. to Save the Mattaponi v. Commonwealth Dep't of Env't Quality ex rel. State Water Control Bd.*, 270 Va. 423, 455 (2005)).

Citing to Code § 15.2-1405, Petersen asserts that sovereign immunity is waived in cases of gross negligence. But Petersen did not allege a gross negligence claim, nor would such a claim waive the school board's sovereign immunity. *See Z.M.*, 304 Va. at 283 (noting that school boards "benefit[] from immunity from suit, whether the claims involve simple negligence, gross negligence, or even intentional torts"). So this claim also fails.

Finally, Petersen argues that "sovereign immunity only applies to governmental functions for the benefit of the govern[ed]." She argues that because "the material contained in the books [is] harmful to minors" and because members of the school board received campaign donations from entities associated with the effort to return books to the school library, this renders the action to be not governmental and therefore not subject to sovereign immunity. We disagree.

"The basis for a school board's immunity from liability for tortious injury has been generally found in the fact that it is a governmental agency or arm of the state and acts in a governmental capacity in the performance of its duties imposed by law." *Kellam*, 202 Va. at 254. An act is governmental if "the decision-making process . . . entails the exercise of discretion." *Maddox*, 267 Va. at 663. "[I]n the operation of a school[,] a school board is performing a governmental function and hence is immune from liability." *Crabbe v. Cnty. School Bd. of Northumberland Cnty.*, 209 Va. 356, 358 (1968).

Here, the school board performed such governmental acts. Code § 22.1-2 vests "the Board of Education, the Superintendent of Public Instruction, division superintendents and school boards" with the power and discretion to administer the state's public elementary and secondary school system. Making decisions about which books to return to the school was part of the decision-making process that the school board conducted in furtherance of its authority to

manage public schools. Thus, the school board is entitled to sovereign immunity for this governmental act.[6]

### III. Conclusion

The circuit court correctly granted the school board's special plea of sovereign immunity. The circuit court's judgment is affirmed.

*Affirmed.*

---

[6] Because the school board is entitled to sovereign immunity and that issue resolves the case, we do not reach Petersen's other arguments. "[T]he doctrine of judicial restraint dictates that [the Court] decide cases 'on the best and narrowest grounds available.'" *Commonwealth v. White*, 293 Va. 411, 419 (2017) (quoting *Commonwealth v. Swann*, 290 Va. 194, 196 (2015)). We assume without deciding that Petersen had standing to bring her claims. *See Grady v. Blackwell*, 81 Va. App. 58, 68 n.7 (2024).