Present:  All the Justices

FRANCIS LINHART, JR.

v.  Record No. 000291     OPINION BY JUSTICE ELIZABETH B. LACY
                                     January 12, 2001
THOMAS LAWSON, ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Junius P. Fulton, III, Judge

Francis Linhart, Jr., was injured when the vehicle he was driving was struck by a school bus driven by Thomas Lawson, an employee of the School Board of the City of Norfolk (School Board).  Linhart filed a motion for judgment against Lawson and the School Board alleging that Lawson's negligence resulted in Linhart's injuries.  Lawson and the School Board filed special pleas in bar asserting the defense of sovereign immunity.  The trial court granted those pleas and dismissed Linhart's motion for judgment, holding that Lawson was entitled to sovereign immunity for acts of simple negligence under the standard set out in Messina v. Burden, 228 Va. 301, 321 S.E.2d 657 (1984), and that, because the School Board's liability "is entirely dependent upon, and derived from" Lawson's negligence, the motion for judgment failed because it did not allege gross negligence against both the School Board and Lawson.

Linhart appeals the judgment of the trial court, asserting (1) that the School Board's immunity was abrogated

by Code § 22.1-194 under the circumstances of this case and (2) that Lawson was not entitled to immunity because Code § 22.1-194 also abrogated Lawson's immunity, or, alternatively, Lawson was not entitled to immunity under the holding in Messina v. Burden.  For the reasons that follow, we conclude that the trial court erred in sustaining the School Board's plea of sovereign immunity but correctly held that Lawson was entitled to immunity for acts of simple negligence.

I.  Immunity of the School Board

Linhart first argues that pursuant to Code § 22.1-194, the School Board is not entitled to the defense of sovereign immunity under the circumstances of this case.  That section provides, in pertinent part, that if a school board

> is the owner, or operator through medium of a
> driver, of, or otherwise is the insured under the
> policy upon, a vehicle involved in an accident, the
> . . . school board shall be subject to action up to,
> but not beyond, the limits of valid and collectible
> insurance in force to cover the injury complained of
> or, [if self-insured under] § 22.1-190, up to but
> not beyond the amounts of insurance required under
> subsection A of § 22.1-190 and the defense of
> governmental immunity shall not be a bar to action
> or recovery. . . . The . . . school board may be
> sued alone or jointly with the driver, provided that
> in no case shall any member of a school board be
> liable personally in the capacity of a school board
> member solely.

We have held that this statute abrogates the immunity of a school board for acts of simple negligence "to a limited degree" and when the conditions of the statute are met, the

2

defense of sovereign immunity will "not bar an action . . . for recovery of damages in an amount up to the limits of the insurance policy."  Wagoner v. Benson, 256 Va. 260, 262-64, 505 S.E.2d 188, 188-90 (1998).  At the time of the accident in this case, the School Board was self-insured in the amount of at least $50,000 for injury to one person pursuant to Code § 22.1-190.  Therefore, the doctrine of sovereign immunity does not bar this action against the School Board to the extent of the limits of the School Board's self-insurance.

The School Board argues, however, that the trial court nevertheless was correct in dismissing the motion for judgment against the School Board.  Any liability it may have is solely vicarious liability, the School Board argues, and, under common law principles, the standard of liability applied to Lawson and the School Board must be the same.  Because Lawson can only be liable for acts of gross negligence, the School Board argues that it too can only be liable for gross negligence.  Therefore, the School Board concludes, the trial court correctly dismissed the motion for judgment because the motion did not allege gross negligence against the School Board or Lawson.  We disagree.

The common law principle that the liabilities of principals and agents are coterminous is not applicable when altered by the General Assembly.  Schwartz v. Brownlee, 253

3

Va. 159, 166, 482 S.E.2d 827, 831 (1997). In Schwartz, we considered Code § 8.01-581.15, which imposes a cap on medical malpractice recovery but limits the cap to health care providers. Therefore, even though the employer's liability was predicated on the acts of its employee, a health care provider, the non-health care employer was not entitled to the limitation of the cap. Code § 8.01-581 abrogated the common law principle that the liabilities of agent and principal are coterminous. Id. at 166-67, 482 S.E.2d at 831-32.

In this case, as we have said, Code § 22.1-194 subjects the School Board to limited liability for injuries incurred through the acts of its employee school bus drivers. The statute does not require that the school board and its employee be sued jointly and in fact allows a plaintiff to proceed solely against a school board. As in Schwartz, we conclude that, in enacting Code § 22.1-194, the General Assembly created an exception to the common law principle recited above and imposed liability on a school board for simple negligence, even if its employee is liable only for acts of gross negligence. Therefore, the trial court erred in dismissing Linhart's motion for judgment against the School Board for failure to plead gross negligence.

II. Immunity of Bus Driver

4

Linhart argues that Lawson was not immune from liability for acts of simple negligence because, in addition to abrogating the immunity of the School Board, Code § 22.1-194 also abrogated the immunity of Lawson, the School Board's employee.[*]  Linhart bases his position on the statutory language which provides that the school board may be sued alone "or jointly with the driver" and on the fact that the only exception to personal liability set out in the statute relates to that of a school board member in his official capacity.  We disagree with Linhart.

Abrogation of the common law requires that the General Assembly plainly manifest an intent to do so.  Schwartz, 253 Va. at 166, 482 S.E.2d at 831.  Nothing in Code § 22.1-194 clearly and unambiguously removes the common law protection of sovereign immunity from bus drivers employed by school boards. Governmental employees have always been subject to suit for

---

[*] Relying on Wynn v. Gandy, 170 Va. 590, 197 S.E. 527 (1938), Linhart also argues that school board employees, specifically school bus drivers, had no common law immunity at the time the predecessor to Code § 22.1-194 was enacted in 1944 and therefore the enactment of that section had no effect on the immunity of school bus drivers.  Regardless of a school bus driver's status in 1944, the common law immunity of school board employees, which includes bus drivers, has been recognized.  See Stanfield v. Peregoy, 245 Va. 339, 345, 429 S.E.2d 11, 14 (1993)(distinguishing "simple operation" of a school bus in Wynn from the "governmental duty of transporting children"); see also Lentz v. Morris, 236 Va. 78, 372 S.E.2d 608 (1988)(high school teacher); Banks v. Sellers, 224 Va.

gross negligence and thus the language in the statute authorizing a suit against employee and school board jointly does no more than recognize that such an employee is amenable to suit. Without more, the language of the statute is insufficient to convey a plainly manifest intent to abrogate a governmental employee's immunity for acts of simple negligence.

We are cognizant of the fact that in enacting the Virginia Tort Claims Act, Code §§ 8.01-195.1 to -195.9, the General Assembly included language specifically preserving the immunity of governmental employees. Code § 8.01-195.3. We do not believe that the failure to use similar language in Code § 22.1-194 requires the conclusion that the immunity of the school bus driver was not preserved. An affirmative statement of immunity reinforces a legislative intent not to abrogate such immunity. However, such language does not impose an additional condition that immunity is abrogated in the absence of an affirmative statement preserving such immunity.

In light of this holding, the question next arises whether the legislation effectively precludes school bus drivers from claiming the protection of sovereign immunity when the school board employer is not entitled to claim

168, 294 S.E.2d 862 (1982)(school superintendent and principal).

6

governmental immunity under the specific circumstances detailed in the statute. As Linhart notes, in both Messina v. Burden and James v. Jane, 221 Va. 43, 282 S.E.2d 864 (1980), we stated that, an individual claiming sovereign immunity must be employed by an immune governmental entity. Messina, 228 Va. at 312, 321 S.E.2d at 663; James v. Jane, 221 Va. at 51, 282 S.E.2d at 868. However, we conclude that neither our prior decisions nor the enactment of Code § 22.1-194 requires the result advocated by Linhart.

As a general matter, school boards are immune governmental entities. Kellam v. Sch. Bd. of the City of Norfolk, 202 Va. 252, 256, 117 S.E.2d 96, 98-99 (1960). The limited abrogation of this immunity in the specific circumstances described in Code § 22.1-194 does not affect the general status of a school board as a governmental entity entitled to the immunity of the sovereign. Applying the tests enunciated in Messina v. Burden and James v. Jane to preclude Lawson's immunity because the School Board is not an "immune governmental entity" under Code § 22.1-194 would be inconsistent with our determination that Code § 22.1-194 does not abrogate an employee bus driver's immunity. Furthermore, such a conclusion would effectively abrogate the employee's immunity by implication, a result that we have rejected. See Schwartz, 253 Va. at 166, 482 S.E.2d at 831.

7

Finally, Linhart argues that the trial court erred in its application of the four-part test set out for employee immunity recited in Messina v. Burden.  Again we disagree.  As the trial court observed, the transportation of children in a school bus is a governmental function in which the government has a substantial interest and over which the government exercises significant control as reflected in the regulations issued regarding the qualifications for and requirements of the job.  Furthermore, the act complained of, transporting school children, involved discretion and judgment.  Cf. Stanfield v. Peregoy, 245 Va. 339, 344-45, 429 S.E.2d 11, 14 (1993).  Accordingly, we reject Linhart's challenge to the trial court's determination that Lawson was entitled to immunity for acts of simple negligence under the standards set out in Messina v. Burden.

### III.  Conclusion

In summary, we conclude that the trial court erred in sustaining the School Board's plea of sovereign immunity because Code § 22.1-194 subjects a school board to suit for acts of simple negligence under the limited circumstances outlined by that statute.  The trial court correctly concluded that Lawson's immunity from liability for his acts of simple negligence was not abrogated by Code § 22.1-194.  Finally, the trial court did not err in concluding that under the standards

8

set out in <u>Messina v. Burden</u> and <u>James v. Jane</u>, Lawson was entitled to immunity for his acts of simple negligence. Accordingly, we will reverse the judgment of the trial court sustaining the School Board's plea of sovereign immunity and remand the case for further proceedings against the School Board.  We will affirm the judgment of the trial court sustaining Lawson's plea of sovereign immunity.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded.</u>

9