## CIRCUIT COURT OF LOUDOUN COUNTY

Broad Run Village, L.C.

v.

Loudoun County
Board of Supervisors et. al.

May 8, 2002

Case No. (Chancery) 21099

BY JUDGE THOMAS D. HORNE

Defendants have filed a plea in bar and demurrer to the bill for declaratory judgment and other relief filed by Broad Run Village, L.C. In their Bill of Complaint and Bill of Particulars, supplementing the original bill, Broad Run states that it owns property within the Upper Broad Run subarea of the Transition Policy Area of the area designated as Dulles South in the Loudoun County Comprehensive Plan. Through recent revisions to the Plan of July 23, 2001, the complainant contends that it has been subjected to unreasonable, arbitrary, and capricious restrictions on the development of the parcel. The argument of Broad Run suggests that the Board has imposed illegal restrictions upon access to public water and sewer utilities to be extended into the Transition Policy Area.

Counsel for the parties have stated their differences in great detail concerning the implications of the actions of the Board on complainant's property and the jurisdiction of the Court to intervene in the controversy. To the extent the parties have sought to introduce evidence outside the four corners of the pleadings in support of their positions, such evidence will only be considered in relationship to the plea in bar.

Having reviewed the pleadings and the authorities relied upon by the parties, the Court finds that the Demurrer should be overruled, except as to the inclusion of the County of Loudoun as a party, but that the Plea in Bar should be sustained.

Complainant has pleaded a case and controversy and justiciable interest sufficient to satisfy the standing requirement necessary for this Court to grant declaratory relief. Va. Code Ann. §§ 8.01-184, 8.01-191. Declaratory relief affords a remedy to those seeking an end to the uncertainty attendant to controversy, and the statutes providing for the same are to be construed liberally. As the owner of property burdened with alleged unreasonable restrictions upon access to public utilities, the claim is not merely speculative and one need not exhaust administrative remedies before seeking judicial intervention. *Riverview Farm Associates Virginia, General Partnership v. Board of Supervisors of Charles City County*, 259 Va. 419 (2000); *City of Fairfax v. Shanklin*, 205 Va. 227 (1964). However, the Court does not find this to be a case for the application of the "holding out" doctrine by which the actions of the County may be judged by the standards of a public utility in the furnishing of water and sewer outside its jurisdictional boundaries.

The Plea in Bar raises additional issues not limited by the evidentiary restraints applicable to demurrers. The evidence presented in support of the Plea shows that Broad Run has submitted to the Loudoun County Department of Building and Development a preliminary subdivision plat to allow development of the property served by a communal sewer and water system to be maintained by the Loudoun County Sanitation Authority. While such application is pending, the complainant is estopped from proceeding with the instant action. To permit it to do so is to allow it to assume inconsistent positions resulting in conflicting plans for development of the parcel. *West v. Mills*, 238 Va. 162 (1989). Moreover, the existence of such application, when considered with the other evidence in the case renders the need for court intervention illusory and advisory.

Accordingly, the Plea in Bar will be sustained, and the cause dismissed, without prejudice.