# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Leslie Marie Rafter

v.

Phillip Miller

November 22, 2013

Case No. (Civil) 12-3042

By Judge Marjorie A. Taylor Arrington

This personal injury action arises from an automobile accident that occurred on December 17, 2011, when Phillip Miller allegedly rear-ended Leslie Marie Rafter. Defendant filed a plea in bar for sovereign immunity on grounds that he was driving a City of Chesapeake vehicle in which he was transporting two workforce inmates as part of his job as First Sargent for the Chesapeake's Sheriff's Department. The Court took evidence on the plea in bar at a hearing on September 18, 2013. For the reasons below, the Court overrules Defendant's plea in bar for sovereign immunity.

## I. *Standard of Review*

A plea in bar presents a distinct issue of fact which, if proven, creates a bar to the plaintiff's right of recovery, and the moving party has the burden of proof on that issue. *Hilton v. Martin*, 275 Va. 176, 177, 654 S.E.2d 572 (2008). The function of a plea in bar is to narrow the litigation by resolving an issue that will determine whether a plaintiff may proceed to trial on a particular cause of action. *Hawthorne v. VanMarter*, 279 Va. 566, 578, 692 S.E.2d 226 (2010). The issue raised by a plea in bar may be submitted to the circuit court for decision based on a discrete body of facts identified by the parties through their pleadings or developed through the presentation of evidence supporting or opposing the plea. *Id.* at 577.

If the parties fail to introduce evidence, the trial court must rely solely on the pleadings in considering the plea in bar. See *Schmidt v. Household Fin. Corp., II*, 276 Va. 108, 112, 661 S.E.2d 834 (2008) ("With regard to the plea in bar, the parties did not introduce any evidence but, instead, presented the . . . issues to the circuit court based solely on the pleadings. Therefore, 'the trial court . . . consider[s] solely the pleadings in resolving the issue[s] presented'." (citations omitted)). The trial court must also deem true the facts as stated in the plaintiff's pleadings. See *Lostrangio v. Laingford*, 261 Va. 495, 497, 544 S.E.2d 357 (2001) ("[W]here no evidence is taken in support of a plea in bar, the trial court . . . consider[s] solely the pleadings in resolving the issue presented. In doing so, the facts stated in the plaintiff's motion for judgment are deemed true." (citation omitted)).

If the facts underlying a plea in bar are contested, a party may demand that a jury decide the factual issues raised by the plea. *Hawthorne*, 279 Va. at 577. Conversely, if the facts are disputed and no demand for a jury is made, the "whole matter of law and fact" may be decided by the court. *Id.* at 578. In addition, a trial court may take evidence when considering a plea in bar. See, e.g., *Cooper Indus., Inc. v. Melendez*, 260 Va. 578, 594–95, 537 S.E.2d 580, 590 (2000) (acknowledging that the trial court heard evidence pertaining to a plea in bar); *Broad Run Vill., L.C. v. Loudoun County Supervisors*, 59 Va. Cir. 96, 96 (2002) ("To the extent the parties have sought to introduce evidence outside the four corners of the pleadings in support of their positions, such evidence will only be considered in relationship to the plea in bar.").

## II. *Analysis*

There is a four-part test for determining whether a governmental employee is entitled to sovereign immunity. The factors to be considered are: (1) the nature of the function performed by the employee; (2) the extent of the state's interest and involvement in the function; (3) the degree of control and direction exercised by the state over the employee; and (4) whether the act complained of involved the use of judgment and discretion. *Messina v. Burden*, 228 Va. 301, 313 (1984); *James v. Jane*, 221 Va. 43, 53 (1980). The determining factor in driving cases is whether the act complained of involved the use of judgment and discretion.

Routine driving activities are ministerial functions that do not give rise to the cloak of sovereign immunity. *Heider v. Clemons*, 241 Va. 143 (1991). In *Heider*, the Court held a deputy sheriff who collided with a motorcyclist as he was leaving from having just served process was not entitled to sovereign immunity because "the simple operation of an automobile did not involve special risks arising from the governmental activity or the exercise of judgment or discretion about the proper means of effectuating the governmental purpose of the driver's employer." *Heider*, 241 Va. at 145.

Likewise, in *Friday-Spivey v. Collier*, 268 Va. 384 (2004), the Court found a fire technician driving a fire truck, which required specialized training to operate, for the purpose of delivering the manpower and equipment necessary to rescue an infant from a locked car was not entitled to sovereign immunity because he was driving in routine traffic and was ordered to obey all traffic laws. *Collier*, 268 Va. at 391 (Justice Kinser and Justice Koontz dissenting, arguing a child locked in a car presents the possibility of loss of life that should be analyzed under the framework of whether effectuating the governmental purpose embraces "special risks").

Although the Courts recognize a certain degree of judgment and discretion is required for a government employee to transport an individual as part of his or her job, when the actionable conduct occurs during routine driving situations, the driver is not entitled to sovereign immunity. See *Fitzgerald v. Perry*, 84 Va. Cir. 96, 98 (Roanoke County 2012) (holding no immunity to an officer who was transporting an inmate in need of prenatal care because the special security risks inherent in transporting a prisoner did not impact the deputy's operation of the vehicle at the time of the accident); see also *Ferro v. Shifflett*, 72 Va. Cir. 298, 303 (Prince William Co. 2006) (reiterating the principle that, "while every person driving a car must make myriad decisions, in ordinary driving situations, the duty of care is a ministerial obligation" in holding a social worker who was transporting a minor runaway was not entitled to sovereign immunity).

However, when the act of driving implicates a substantial government interest and when the driver is required to exercise discretion and judgment unique to the driving situation, the driver is entitled to sovereign immunity. For example, in *Linhart v. Lawson*, 261 Va. 30 (2001), the Court held a school bus driver was entitled to sovereign immunity because "the transportation of children in a school bus is a governmental function in which the government has a substantial interest and over which the government exercises significant control as reflected in the regulations issued regarding the qualifications for and requirements of the job. Furthermore, the act complained of, transporting school children, involved discretion and judgment." *Linhart*, 261 Va. at 36.

Similarly, in *Stanfield v. Peregoy*, 245 Va. 339, 343 (1993), the Court found a snow plow driver who struck a bus while operating the snow plow was entitled to sovereign immunity because keeping city streets safe is a government function that rises above mere routine operation of the truck in routine traffic. Additionally, the snow plow driver had to exercise judgment and discretion in deciding whether a particular street must be plowed or salted or both. *Id.* at 344.

"When employing law enforcement officers, the Commonwealth's interest and function is to protect the public safety." *Lake v. Mitchell*, 77 Va. Cir. 14 (Prince George County 2008). However, "[d]riving down a major roadway at excessive speeds to the scene of a non-emergency, where

the preservation of human life is not a concern, is not integral to furthering this interest and function." *Id.* (denying immunity to a police officer who was driving to a site of a suspected homicide where there was no evidence of an immediate threat to public safety); but see *Colby v. Boyden*, 241 Va. 125 (1991) (holding a police officer who was pursuing a fleeing suspect was immune from his torts when he ran a red light and collided with plaintiff's vehicle).

In this case, Defendant argues he is entitled to sovereign immunity because he must exercise discretion and judgment when transporting inmates. Specifically, he must consider his and the public's safety and be aware of any unusual or threatening behavior exhibited by detainees. Defendant argues that, because he was transporting workforce inmates to a job site at the time of the accident, he was not engaged in mere routine driving.

Nonetheless, today the Court overrules Defendant's plea in bar. There is no evidence Defendant's emergency lights were engaged or that he was ordered to disobey routine traffic rules. There is no evidence the inmates were exhibiting threatening or unusual behavior that required Defendant to forego the duties of care imposed on every driver. Because the facts alleged indicate the accident occurred during routine driving, the officer's transport of the workforce inmates is ministerial.

### III. *Conclusion*

Accordingly, the Court overrules Defendant's plea in bar on grounds that, although there exist special risks associated with transporting inmates, the judgment and discretion required by that task do not impact the driver's operation of the vehicle in routine traffic.