PRESENT:  Goodwyn, C.J., Kelsey, McCullough, Chafin, Russell, and Mann, JJ., and Millette, S.J.

NEWPORT NEWS SCHOOL BOARD

v.  Record No. 240833

OPINION BY
JUSTICE STEPHEN R. McCULLOUGH
May 8, 2025

Z.M., A MINOR BY AND THROUGH
HIS NEXT FRIEND MATHEW HARVEY

UPON A PETITION UNDER CODE §§ 8.01-626 AND 8.01-670.2

The Newport News School Board appeals from a decision denying its plea of sovereign immunity.  At issue is whether Code § 22.1-194 waives the Commonwealth's sovereign immunity for degrading acts that school staff are alleged to have perpetrated on an autistic child – acts alleged to have happened on a school bus, but which do not implicate the operation of the bus as a means of transportation.  We conclude that Code § 22.1-194, which waives sovereign immunity when "a vehicle [is] involved in an accident," does not waive sovereign immunity on such alleged facts.  Accordingly, we reverse the judgment of the circuit court and remand the case for further proceedings.

BACKGROUND

Z.M. is a non-verbal autistic child.  He attends the Center for Autism at Kiln Creek Elementary School, which is part of Newport News Public Schools.  He filed an action through his father as next friend alleging that, while Z.M. was being transported on a school bus on the way home, employees of the Newport News Public Schools struck him in the face, apparently with Z.M.'s wet sock, twice told him that they wished they could "whip his tail" and, after Z.M. had removed his pants and diaper, allowed him to leave the bus without any clothes on the lower part of his body.  The complaint also alleged that school employees insulted Z.M. the previous

day, saying he was acting like an "animal" and a "monkey." The complaint alleged negligence and gross negligence by the School Board and gross negligence by certain named employees. It sought compensatory and punitive damages of $15 million.

In response, the School Board filed a plea in bar, asserting that sovereign immunity required dismissal of the School Board as a party. The circuit court denied the plea in part and granted it in part. Relying on Code § 22.1-194, the circuit court denied the plea with respect to Z.M.'s claims of simple and gross negligence against the School Board. The circuit court, however, granted the plea on the question of punitive damages, holding that sovereign immunity foreclosed such damages. The School Board filed an interlocutory appeal under Code §§ 8.01-626 and 8.01-670.2. These statutes allow a party to appeal from a granted or denied plea of sovereign immunity. We awarded the School Board an appeal and now reverse.

## ANALYSIS

We "review de novo a trial court's ruling on a plea of sovereign immunity." *Pike v. Hagaman*, 292 Va. 209, 214 (2016).

Alexander Hamilton wrote in Federalist 81 that "[i]t is inherent in the nature of sovereignty not to be amenable to the suit of an individual without consent." The ancient doctrine of sovereign immunity, while often controversial, "is alive and well in Virginia." *Messina v. Burden*, 228 Va. 301, 307 (1984). "Absent an express statutory or constitutional provision waiving sovereign immunity, the Commonwealth and its agencies are immune from liability for the tortious acts or omissions of their agents and employees." *Rector and Visitors of the University of Virginia v. Carter*, 267 Va. 242, 244 (2004). School boards are covered by sovereign immunity. *Kellam v. School Bd. of the City of Norfolk*, 202 Va. 252 (1960).

"Sovereign immunity is a rule of social policy, which protects the state from burdensome interference with the performance of its governmental functions and preserves its control over state funds, property, and instrumentalities." *City of Virginia Beach v. Carmichael Dev. Co.*, 259 Va. 493, 499 (2000). "Most importantly, the doctrine of sovereign immunity provides for 'smooth operation of government' and prevents citizens from 'improperly influencing the conduct of governmental affairs through the threat or use of vexatious litigation.'" *Id.* (quoting *Messina*, 228 Va. at 308).

The General Assembly has waived sovereign immunity in a number of circumstances. One such waiver of sovereign immunity is found in Code § 22.1-194. That statute provides:

> **§ 22.1-194. Liability of locality or school board owning or operating vehicle.**
> In case the locality or the school board is the owner, or operator through medium of a driver, of, or otherwise is the insured under the policy upon, a vehicle involved in an accident, the locality or school board shall be subject to action up to, but not beyond, the limits of valid and collectible insurance in force to cover the injury complained of or, in cases set forth in subsection D of § 22.1-190, up to but not beyond the amounts of insurance required under subsection A of § 22.1-190 and the defense of governmental immunity shall not be a bar to action or recovery. In case of several claims for damages arising out of a single accident involving a vehicle, the claims of pupils and school personnel, excluding driver when not a pupil, shall be first satisfied. In no event, except where approved self-insurance has been provided pursuant to subsection D of § 22.1-190, shall school funds be used to pay any claim or judgment or any person for any injury arising out of the operation of any such vehicle. The locality or school board may be sued alone or jointly with the driver, provided that in no case shall any member of a school board be liable personally in the capacity of school board member solely.

"[T]his statute abrogates the immunity of a school board for acts of simple negligence 'to a limited degree' and when the conditions of the statute are met." *Linhart v. Lawson*, 261 Va. 30, 33 (2001) (quoting *Wagoner v. Benson*, 256 Va. 260, 262-64 (1998)).

3

The arguments of the parties center on whether the waiver of sovereign immunity found in Code § 22.1-194 contains one prerequisite or two. The School Board argues that two conditions must be satisfied for sovereign immunity to be waived under this statute: (1) a vehicle owned or operated by a school board must be "involved in an accident" and (2) insurance coverage must be available. The plaintiff responds that the statute contains only one prerequisite for sovereign immunity to be waived and that is the existence of insurance coverage. The plaintiff maintains that the statute does not require the involvement of a school board vehicle in an accident.

In interpreting a statute, we seek "to effectuate the intent of the legislature as expressed by the plain meaning of the words used in the statute." *Llewellyn v. White*, 297 Va. 588, 595 (2019). Accordingly, we "appl[y] the plain language unless the words are ambiguous or such application would render the law internally inconsistent or incapable of operation." *Id.* In addition, waivers of sovereign immunity are strictly construed. *Carter*, 267 Va. at 245 (citing cases).

The plain language of Code § 22.1-194 contains two prerequisites for a waiver of sovereign immunity. First, a "vehicle" owned, operated, or insured by a school board must be "involved in an accident." The waiver does not apply across the board to any situation covered by an insurance policy; rather, it applies when the specified vehicles are "involved in an accident." We are not at liberty to ignore this language. Second, the waiver applies if there is insurance coverage, and only to the extent of such coverage. Code § 22.1-194. Here, the parties do not dispute that insurance coverage is available. However, we conclude that the waiver of sovereign immunity does not apply because, in this instance, the bus was not a "vehicle involved in an accident."

The term "accident" can be defined in many ways. In common parlance, a vehicular accident can mean a collision between two vehicles, a collision between a vehicle and an object, or a vehicle running off the road. *Linhart v. Lawson*, where the plaintiff's vehicle was struck by a school bus, is one such typical case. Code § 22.1-194 broadly provides that a vehicle must be "involved" in an accident, not that the vehicle itself must be damaged in any way or that it must collide with another vehicle or object. In this case, we need not establish the outer reach of what the term "accident" might mean because the allegations here – that the plaintiff was struck, insulted, and allowed to leave the bus partially unclothed – do not even plausibly establish the prerequisite of a *vehicle* "involved in an accident." The school bus itself was not involved in any accident. The plaintiff's injuries do not relate in any way to the way the bus was being operated or to the process of loading or unloading of passengers. Instead, the school bus was merely the situs of the alleged tort. In other words, the actions that are the subject of the complaint may have happened on the bus, but they did not involve the bus as a vehicle.

Our decision in *Wagoner* is not to the contrary. In that case, our opinion tracked the parties' presupposition that there had been an accident – a child was struck while walking towards a school bus – and we proceeded to determine whether the insurance policy at issue provided coverage. 256 Va. at 262-64. We simply did not address the contours of the requirement that there must be "a vehicle involved in an accident."

Finally, the plaintiff argues that the School Board is not immune when it comes to claims of gross negligence. Although government *employees* are not immune from claims of gross negligence, *James v. Jane*, 221 Va. 43, 53 (1980), the School Board itself benefits from immunity from suit, whether the claims involve simple negligence, gross negligence, or even intentional torts. *See Patten v. Commonwealth*, 262 Va. 654, 658 (2001) ("In the absence of

5

express statutory or constitutional provisions waiving the Commonwealth's immunity, the Commonwealth and its agencies are immune from liability for the tortious acts or omissions of their agents and employees."); *Niese v. City of Alexandria*, 264 Va. 230, 239-40 (2002) (municipality was immune from an action alleging an intentional tort was committed in the performance of governmental functions). The cases Z.M. cites all involved allegations of gross negligence against an employee of the government, not the actual sovereign itself. *Burns v. Gagnon*, 283 Va. 657, 677 (2012) (addressing liability of assistant principal following a fight at the school); *Cromartie v. Billings*, 298 Va. 284, 297 (2020) (addressing claims against a former police officer for, among other things, excessive force and false arrest); *James*, 221 Va. at 53 (addressing action brought against several doctors).

Although sovereign immunity protects the School Board from suit, the same is not true for the School Board employees Z.M. has sued. Because the plaintiff alleges that these employees were grossly negligent, the action may proceed against the employees, who are not protected by derivative sovereign immunity in that circumstance.

CONCLUSION

The judgment of the circuit court is reversed and the case is remanded.

*Reversed and remanded.*