UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-2391

FABIO COMINELLI,

Plaintiff - Appellant,

v.

RECTOR AND BOARD OF VISITORS OF THE UNIVERSITY OF VIRGINIA,
W. H. Fralin, Rector and A. Diamonstein, S. Dorsey, H.
Dragas, T. Farell, R. Hardie, G. Key, A. Ligon, V.
Mastracco, L. Payne, D. Pippin, W. Thompson, E. Vaughan, J.
Wynne, A. Getachew in their individual capacities; ROBERT M.
STRIETER, in his official and individual capacity,

Defendants - Appellees.

Appeal from the United States District Court for the Western
District of Virginia, at Charlottesville.    Norman K. Moon,
District Judge. (3:08-cv-00048-nkm-bwc)

Argued: October 29, 2009          Decided: January 25, 2010

Before NIEMEYER and DUNCAN, Circuit Judges, and Benson E. LEGG,
United States District Judge for the District of Maryland,
sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED**: Edward B. Lowry, MICHIE, HAMLETT, LOWRY, RASMUSSEN &
TWEEL, PC, Charlottesville, Virginia, for Appellant.    Richard
Croswell Kast, UNIVERSITY OF VIRGINIA, Charlottesville,
Virginia, for Appellees.    **ON BRIEF**: David W. Thomas, MICHIE,
HAMLETT, LOWRY, RASMUSSEN & TWEEL, PC, Charlottesville,

Virginia, for Appellant.    Margaret A. Browne, Lynne Fleming,
Office of the General Counsel, UNIVERSITY OF VIRGINIA,
Charlottesville, Virginia; Peter R. Messitt, Senior Assistant
Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond,
Virginia, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dr. Fabio Cominelli commenced this action against the University of Virginia and the Chair of its Department of Medicine after he was relieved of all administrative positions at the School of Medicine. He alleged that by terminating him, the defendants (1) tortiously interfered with business opportunities that he had at the University of Maryland, (2) defamed him, (3) denied him due process, and (4) wrongfully terminated his positions in breach of contract. On the defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, the district court dismissed Cominelli's complaint and denied his motion to amend the complaint, concluding that both his complaint and his proposed amended complaint failed to state a claim. We affirm substantially for the reasons given by the district court.

The complaint alleged that the University hired Dr. Cominelli in 1995 to serve as a clinical faculty member. He was also appointed Chief of the Division of Gastroenterology and Hepatology. During his tenure as Chief, the Division expanded dramatically, gaining national recognition and producing a profit of $5 million over a twelve-year period. Dr. Cominelli also founded the Digestive Health Center of Excellence and served as its Director. His position as Director of the Center was "a five year appointment." Over a six and one-half year

3

period, the Digestive Health Center earned over $37 million in profits for the University's Medical Center.

The complaint alleged that Dr. Cominelli maintained an excellent relationship with his superiors until July 2006, when Dr. Robert Strieter became Chair of the Department of Medicine. Shortly after Strieter's arrival, Cominelli agreed to bring the Digestive Health Center under the control of the Department. A month or two later, the School of Medicine's audit department began an audit of the entire Division. Although it was purported to be a routine audit, Dr. Cominelli alleged that it was instigated by Dr. Strieter and Elizabeth Wildman, the Department's Chief Operating Officer, and targeted him and, to a certain extent, his wife, who was also a member of the Division. Cominelli learned in January 2007 that Strieter and Wildman had made clear at meetings that the purpose of the audit was to gather evidence to justify Cominelli's removal from his positions as Chief of the Division and Director of the Center, with Wildman stating that they hoped the audit would provide a "silver bullet." Dr. Cominelli sought assistance from the Director of Faculty and Staff Employee Relations and from Dr. Arthur Garson, the Dean of the School of Medicine, but no action was taken to address his concerns.

In early 2007, Dr. Cominelli applied for the position of Chair of the Department of Medicine at the University of

4

Maryland. After several visits and interviews, the University of Maryland informed him that he had been selected for the position and invited him to come to the school on June 25, 2007, to sign an employment agreement. In the interim, he and the Dean of Maryland's School of Medicine scheduled a telephone conference for June 12, 2007, to finalize details of the school's offer.

On June 11, 2007, Dr. Cominelli was scheduled to meet with the auditor to continue discussions about the audit but was, instead, directed to meet at that time with Dr. Strieter and Dean Garson. At the meeting, Cominelli was given a letter, signed by both Dr. Strieter and Dean Garson, informing him that, effective immediately, Strieter was terminating Cominelli's administrative appointments as Chief of the Division and Director of the Center. He was not terminated as a member of the faculty. The letter stated that "Division Chiefs and Center Directors serve at the discretion of their respective Chairs and the Dean of the School of Medicine" and noted that "[y]our appointment as Center Director was subject to review at the end of five years, and your appointment as Division Chief is subject to removal as provided in Section 11.8 of the Clinical Staff Bylaws." The letter explained that Strieter was exercising his discretion to remove Cominelli from these appointments in response to

5

significant concerns about your leadership of the Division and Center, including a high rate of faculty departures, repeated reports of unfair allocation of financial resources, failure to make funds available as committed in start up packages, inappropriate restrictions on access to research materials, and numerous instances of poor management practices and violations of University polices as documented in a recent University Internal Audit investigation with which you are familiar.

After the meeting, Strieter sent an email to the members of the Division announcing that he had "exercised [his] discretion" and removed Cominelli from his administrative appointments as Chief of the Division and Director of the Center "in response to an ongoing personnel matter."  A couple of days later, someone who received the email circulated it more widely within the Department of Medicine.

The Dean of Maryland's School of Medicine heard of Cominelli's removal from his administrative positions and, on June 12, 2007, called Cominelli to find out what had happened. The Dean stated that he was highly concerned about the situation.  Within a few days after the call, the University of Maryland ended its discussions with Cominelli.

Cominelli learned that a number of other high-level colleagues at other institutions had also heard of his removal from the administrative positions.

Well after his removal from the administrative positions, Cominelli was provided a copy of the draft audit report, which

6

focused on expenses relating to some trips he had taken in his capacity as Director and Chief during the prior six years. The majority of the issues related to the fact that some trips had been financed by other entities, as well as by the University. Cominelli reimbursed the University for the expenses that were incorrectly accounted for.

Based on these events, Cominelli's complaint alleged his belief that Dr. Strieter had sent the email following the June 11 meeting with full knowledge that it would be interpreted as a statement that Cominelli was "guilty of some grievous personal wrongdoing" and that it would be republished in the broader academic medical community, likely affecting Cominelli's pending appointment at the University of Maryland and more generally his reputation in medical circles. He also alleged that Strieter and Wildman were under the impression that Cominelli was going to announce his departure on June 12 and were anxious to engineer his termination before Cominelli reached agreement with the University of Maryland. Cominelli further alleged that his termination violated University and Department policies in that he never received evaluations in his capacity as faculty member, Chief of the Division, or Director of the Center, except for one, an evaluation as Chief of the Division in 2006.

In his complaint, Cominelli sued the defendants in seven counts, alleging for Count I that the University and Dr.

7

Strieter tortiously interfered with his business expectancy with the University of Maryland; for Count II, that, in the event the court should decide that Strieter was not acting in the scope of his employment, Strieter, in his individual capacity, tortiously interfered with his business expectancy; for Count III, that Strieter, in his individual capacity, defamed him by publishing an email stating that he was removing Cominelli from his administrative positions "in response to an ongoing personnel matter"; for Count IV, that the University and Strieter, in his representative capacity, denied him due process of law, in violation of the U.S. Constitution and 42 U.S.C. § 1983; for Count V, that the University and Strieter, in his representative capacity, denied him due process of law, in violation of the Virginia Constitution; for Count VI, that the University wrongfully terminated him from his position as Center Director in breach of contract; and for Count VII, that the University and Strieter were liable to him for punitive and exemplary damages.

The defendants filed a motion to dismiss, in response to which Cominelli filed an opposition as well as a motion to amend his complaint, attaching a copy of his proposed amended complaint. In the proposed amended complaint, Cominelli, among other changes, substituted the Commonwealth of Virginia for the

University in Count I and amended Count IV to name only Strieter, in his individual capacity.

The district court granted the defendants' motion to dismiss and denied Cominelli's motion to amend. In its memorandum opinion, the court explained that it was denying Cominelli's motion to amend on the ground that the proposed amended complaint also failed to state a claim and that granting the motion to amend would therefore be futile. With respect to the legal sufficiency of the complaint, the district court found that Cominelli had not alleged facts sufficient to suggest that he had a property interest in the administrative position of Center Director that would trigger the federal due process clause's protections because (1) he had been merely demoted to a general faculty position, rather than terminated, and such an intra-departmental demotion could not implicate a protected property interest; and (2) the complaint's allegation that his "position as Director of the Center was a five year appointment" was insufficient to rebut the state-law presumption that the position was at-will, especially given that the complaint itself indicated that Cominelli had held the position for more than five years at the time he was removed. The district court found that Cominelli's complaint also failed to allege facts sufficient to state a plausible due process claim based on the deprivation of a liberty interest because (1) the alleged

9

defamatory statement that was the basis for his claim was not made during the course of a termination; and (2) the facts, as alleged in the complaint, indicated that Strieter had in fact removed Cominelli from his positions "in response to an ongoing personnel matter" and that, as a result, Cominelli had failed to allege facts sufficient to support his conclusory assertion that the statement was false.

Exercising its discretion to retain jurisdiction over Cominelli's state-law claims, the district court noted that Virginia's due process protections were coterminous with federal protections and accordingly granted the defendants' motion to dismiss Count V for the same reasons given for dismissing the federal due process claim.

With respect to Cominelli's state claim of tortious interference with business expectancy, stated in Count I, the district court first noted that the Virginia Tort Claims Act's waiver of immunity did not apply to the Commonwealth's agencies and so dismissed the claim as to the University. The court also dismissed this claim against Strieter as failing to state a plausible claim for relief because Cominelli had not alleged facts sufficient to suggest that Strieter had intentionally interfered with his contractual expectancy with Maryland or had used improper means to do so. For the same reasons, the district court denied as futile Cominelli's motion to amend his

claim by substituting the Commonwealth for the University. The court also dismissed Count II, which was pleaded as an alternative to Count I in the event the court found that Strieter was not acting in the course of his official capacity. Finding that the facts alleged did not suggest that Strieter had acted outside the scope of his employment, the court granted the defendants' motion to dismiss this claim.

The court cited two reasons for dismissing Count III's defamation claim. First, the court found that it was barred by the applicable one-year statute of limitations and that neither a tolling agreement between the parties nor equitable estoppel avoided that bar. Second, the court concluded that Count III failed to state a plausible claim for relief because the alleged facts did not suggest that the purported defamatory statement was false.

The court also dismissed Count VI's wrongful termination/breach of contract claim for several reasons. First, the court found that Cominelli had failed to present a pecuniary claim to the President of the University, as required by Virginia Code § 2.2-814. Second, the court found that Cominelli had failed to state a plausible claim for breach of contract because he had not alleged the existence of a contract governing his position as Director or Chief. Third, the court found that he had failed to state a plausible claim for wrongful

11

termination because (1) his allegations were insufficient to rebut the presumption that his position as Center Director was a form of at-will employment, and (2) he had not alleged facts to suggest his discharge violated Virginia public policy.

Finally, having concluded that Cominelli had failed to state a claim in each substantive count, the district court dismissed the complaint's Count VII for punitive and exemplary damages.

On appeal, Cominelli advances numerous arguments for why the district court's dismissal of his claims and denial of his motion to amend were in error. He argues that his complaint's allegation that his position as Center Director was "a five year appointment" was sufficient to establish that he held a protected property interest in that position. He also contends that he alleged a plausible due process claim based on the deprivation of a liberty interest because Strieter's emailed statement that he had removed Cominelli "in response to an ongoing personnel matter" was made in the course of a significant demotion and while an audit was ongoing. He argues further that his complaint sufficiently alleged each element of a claim for tortious interference with a business expectancy, contending that by removing him from his administrative positions and sending an email to members of the Division announcing that his removal was "in response to an ongoing

12

personnel matter," Strieter used improper means to interfere intentionally with Cominelli's negotiations with the University of Maryland's School of Medicine. He further argues that the statute of limitations on his defamation claim was tolled by an agreement dated June 15, 2007, which he claims was actually signed in July 2008, and that his complaint states a plausible defamation claim because Strieter's statement falsely implied that Cominelli was guilty of some grievous personal wrongdoing. Additionally, Cominelli contends that the district court erred in dismissing his breach of contract claim because he had fully complied with the exhaustion requirement of Virginia Code § 2.2-814 and because his complaint sufficiently alleged the existence of a contract governing his appointment as Center Director by alleging the position was "a five year appointment." Finally, he asserts that, after dismissing the § 1983 claim, the district court abused its discretion by retaining supplemental jurisdiction over his state-law claims and instead should have remanded them to state court, from where the action was initially removed.

After considering all of Cominelli's arguments and the arguments of counsel and after careful review of the record, as well as the opinion of the district court, we affirm substantially for the reasons given by the district court in its memorandum opinion. Cominelli v. The Rector and Visitors of the

University of Virginia, et al., Civil No. 3:08cv00048 (W.D. Va.

Dec. 9, 2008).

AFFIRMED