COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judge Chaney and Senior Judge Humphreys
Argued at Richmond, Virginia


KATHY S. METTS

MEMORANDUM OPINION[*] BY

v.        Record No. 1627-23-2        CHIEF JUDGE MARLA GRAFF DECKER
                                      MARCH 11, 2025

VIRGINIA COMMUNITY COLLEGE SYSTEM


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Steven B. Novey, Judge

Scott G. Crowley (Crowley & Crowley, P.C., on briefs), for
appellant.

W. Ryan Waddell (Ogletree, Deakins, Nash, Smoak & Stewart, P.C.,
on briefs), for appellee.


Kathy S. Metts appeals the decision of the circuit court sustaining the demurrer of

Virginia Community College System (VCCS) and dismissing her breach-of-contract claim

against it. This Court also raised the issue of whether the Comptroller of Virginia, who is not a

party in the suit, was a necessary party under Code § 8.01-193.

We conclude that this case does not warrant reversing and remanding for further

proceedings to add the Comptroller as a party. In addition, we hold that the circuit court did not

err by sustaining the demurrer because Metts did not follow the procedures in Code § 2.2-814

before filing her claim. Therefore, the Court affirms the judgment.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

VCCS is the "statewide system of publicly supported comprehensive community colleges." *See* Code § 23.1-2901. In 2019, Metts signed an employment contract with VCCS for the period from July 1, 2019, to June 30, 2020. The position was a "[o]ne [y]ear [a]dministrative [a]ppointment" as "Director of Shared Services Center." The agreement noted that it complied with the VCCS policy manual. After the 2019-2020 term expired, VCCS did not reappoint Metts because it "needed" "a change in leadership."

Without first following the VCCS grievance procedure, Metts brought a breach-of-contract claim in circuit court against VCCS alleging that the failure to reappoint her violated the employment contract. She claimed that the failure contravened the VCCS policy that faculty could be "denied reappointment" only if just cause supported the decision. Metts sought reinstatement and an award for her lost salary, lost benefits, damages, attorney fees, and costs.

VCCS filed a demurrer arguing that it had no contractual duty to reappoint Metts. It contended that Metts failed to represent that she complied with Code § 2.2-814, which requires that anyone with a "pecuniary claim against the Commonwealth . . . present" the claim "to the head" of the entity "responsible for the alleged act or omission which, if proved, gives rise to the claim." In addition, VCCS argued that the non-reappointment policy on which Metts relied applied only in circumstances involving "workplace behavior and performance issues" and did not apply to all non-reappointments. The circuit court entered an order sustaining the demurrer.

---

[1] In reviewing a circuit court's decision sustaining a demurrer, the appellate court "accept[s] as true all factual allegations in the complaint 'made with "sufficient definiteness to enable the court to find the existence of a legal basis for its judgment."'" *Patterson v. City of Danville*, 301 Va. 181, 197 (2022) (quoting *Squire v. Va. Hous. Dev. Auth.*, 287 Va. 507, 514 (2014)).

Metts appealed. This Court directed the parties to file supplemental briefs addressing whether the Comptroller of Virginia, who was not a party below and is not a party on appeal, is a necessary party under Code § 8.01-193.

ANALYSIS

We first address the procedural questions of whether the Comptroller of Virginia is a necessary party and, if so, how that status affects this appeal. Then we consider the merits of the appeal of the circuit court's order sustaining the demurrer.

I. Necessary Party

"Those who are 'materially interested in the subject matter of the litigation and who will be affected by the results' are 'necessary parties.'" *Bonanno v. Quinn*, 299 Va. 722, 731 (2021) (quoting 1 Hamilton Bryson, *Virginia Civil Procedure* § 5.03[1][a][i], at 221 (5th ed. 2020)). The question here is whether the Comptroller is a necessary party to the claim against VCCS.

VCCS is "establish[ed], control[led], and administer[ed]" by the State Board for Community Colleges. Code § 23.1-2901. As a state entity, this board has the power to spend "funds appropriated by law." *See* Code §§ 23.1-2904, -2905(2). Based on the statutory structure, a pecuniary claim against VCCS ultimately is one against the Commonwealth.

In pecuniary claims against the Commonwealth filed in the circuit court, "the Comptroller shall be a defendant." *See* Code § 8.01-193. *See generally Bland-Henderson v. Commonwealth*, 303 Va. 212, 218-19 (2024) (defining "shall" when used in a statute). Therefore, under Code § 8.01-193, the Comptroller is a necessary party in this cause of action. *See generally Heald v. Rappahannock Elec. Coop.*, 80 Va. App. 53, 74 (2024) ("If . . . statutory language 'is unambiguous,' [a] reviewing court is 'bound by the plain meaning of that language.'" (alterations in original) (quoting *Dep't of Tax'n v. 1887 Holdings, Inc.*, 77 Va. App. 653, 658 (2023))).

"The requirement that all necessary parties be joined in the litigation is 'designed to prevent a multiplicity of litigation and to avoid depriving a person of his property without giving that person an opportunity to be heard.'" *Garner v. Joseph*, 300 Va. 344, 350 (2021) (quoting *Allen v. Chapman*, 242 Va. 94, 100 (1991)). Generally, "[w]hen faced with the absence of a necessary party, courts have discretion to continue with the existing parties." *Stack v. Larsen*, 78 Va. App. 611, 628 (2023) (alteration in original) (quoting *Watson v. Commonwealth*, 297 Va. 347, 353 (2019)). On the one hand, "a necessary party '*must* be joined' if 'without [that party's] presence[,] the court cannot act in the case,' i.e., it qualifies as an 'indispensable part[y].'" *Garner*, 300 Va. at 350 (alterations in original) (quoting *Bonanno*, 299 Va. at 731). On the other hand, a necessary party does not need to be joined if "the absent part[y is] represented by others having the same interests." *Bonanno*, 299 Va. at 731 (quoting *Michael E. Siska Revocable Tr. v. Milestone Dev., LLC*, 282 Va. 169, 176 (2011)).

Metts argues that the Comptroller "is implicitly a party to this suit by virtue of the fact that [she] brought her suit against an agency of the Commonwealth." VCCS responds that it is "unclear whether the Comptroller was a necessary party" but suggests that dismissing the appeal and remanding it would unnecessarily cause the VCCS to incur additional costs. VCCS reasons that the breach-of-contract claim is "meritless" regardless of whether the Comptroller is a party.

We hold that here, the Comptroller's "interests on appeal are adequately represented by another litigant" "who has the same or similar interests"—VCCS. *See Erie Ins. Exch. v. Jones*, 301 Va. 61, 65 (2022). Both VCCS and the Comptroller's interests lie in defeating Metts's contract claim. Consequently, the case does not warrant reversing and remanding for further proceedings so that the Comptroller can be added as a party. *See id.* (holding that "dismissal of the appeal [wa]s not warranted" in part because the "interests on appeal" of the unjoined and allegedly necessary parties were "adequately represented by another litigant").

- 4 -

## II. Merits

Turning to the merits of the appeal, well-established legal principles guide our analysis. "The purpose of a demurrer is to determine whether a [complaint] states a cause of action upon which the requested relief may be granted. A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Seymour v. Roanoke Cnty. Bd. of Supervisors*, 301 Va. 156, 164 (2022) (alteration in original) (quoting *Coutlakis v. CSX Transp.*, 293 Va. 212, 216 (2017)). When considering a demurrer, we "accept[] all sufficiently definite factual allegations in the complaint as true" as well as all "'reasonable'" "'unstated inferences.'" *Parrish v. Callahan*, 78 Va. App. 630, 638 (2023) (quoting *Patterson v. City of Danville*, 301 Va. 181, 197 (2022)). At the same time, this Court reviews the remaining legal issue or issues de novo. *Givago Growth, LLC v. iTech AG*, 300 Va. 260, 264 (2021).

The first step in this analysis is deciding whether the complaint was barred by Metts's non-compliance with Code §§ 2.2-814 and 8.01-192. VCCS asserts on appeal, as it did below, that Metts did not set out facts in her complaint sufficient to establish that she followed the procedures in Code § 2.2-814 required to pursue a breach-of-contract claim against the Commonwealth.

The doctrine of sovereign immunity "precludes the Commonwealth from being 'sued in its own courts . . . without its consent and permission.'" *Montalla, LLC v. Commonwealth*, 303 Va. 150, 164 (2024) (alteration in original) (quoting *Gray v. Va. Secy. of Transp.*, 276 Va. 93, 101 (2008)). Under this doctrine, "the Commonwealth and its agencies are immune from liability for the tortious acts of their agents, employees, and servants absent express statutory or constitutional provisions waiving immunity." *Id.* (quoting *Maddox v. Commonwealth*, 267 Va. 657, 661 (2004)). Through Code § 8.01-192, the Commonwealth consents *generally* "to be

subjected to suit in its own courts in contract cases." *Id.* at 166 (quoting *Wiecking v. Allied Med. Supply Corp.*, 239 Va. 548, 552 (1990)).

But "Code § 8.01-192 establishes a procedure by which a party must first make a claim against the Commonwealth or its agency and have the claim denied prior to bringing suit." *Id.* "Any person having any pecuniary claim against the Commonwealth upon any legal ground shall present" the claim "to the head of the department, division, institution or agency of the Commonwealth responsible for the alleged act or omission which, if proved, gives rise to the claim." Code § 2.2-814. Only after the claim has been denied does a cause of action accrue permitting the plaintiff to seek redress in a circuit court. *See* Code § 8.01-192. As with other statutes waiving sovereign immunity, Code §§ 2.2-814 and 8.01-192 must be strictly construed. *See Billups v. Carter*, 268 Va. 701, 707 (2004); *Va. Bd. of Med. v. Va. Physical Therapy Ass'n*, 13 Va. App. 458, 464 (1991), *aff'd*, 245 Va. 125 (1993).

The head of VCCS is its chancellor. VCCS, Policy Manual, § 2A policy 2.9(B) (2022 rev.), https://perma.cc/Z2V6-H2ZW. One way in which a claimant may notify VCCS's chancellor of a claim in compliance with Code § 2.2-814 is by following the grievance procedure set forth by the VCCS Policy Manual.[2] Metts, however, did not file a grievance. We therefore examine the other ways in which she suggests she satisfied this requirement.

Metts argues that she complied with the requirement of Code § 2.2-814 that she "present" her claim to the head of VCCS merely by serving its chancellor with the complaint she filed in circuit court. This reasoning fails because "a party seeking to raise a contractual claim against the Commonwealth or one of its agencies" may *not* "simply . . . file suit in a circuit court as it

---

[2] The VCCS policy manual provides a grievance process for matters of non-reappointment. VCCS, Policy Manual, § 3 policy 3.13.0-3.13.4.2 (2024 rev.), https://perma.cc/3HW2-WKVN. It begins with informal steps. If informal methods are unsuccessful to resolve the concerns, a formal grievance can be filed with a supervisor or other executive, culminating in a possible appeal to the chancellor.

would against any other litigant." *See Montalla*, 303 Va. at 166. *See generally Cominelli v. Rector of the Univ. of Va.*, 362 Fed. Appx. 359 (4th Cir. 2010) (per curiam) (affirming the dismissal of an employment breach-of-contract claim because the employee failed to first present the claim to the head of the university); *Amaram v. Va. State Univ.*, 476 F. Supp. 2d 535, 540 (E.D. Va. 2007) (dismissing the employee's breach-of-contract claim due to his failure to comply with Code § 2.2-814), *aff'd*, 261 Fed. Appx. 552 (4th Cir. 2008) (per curiam). Instead, she must present the claim *before* filing suit, which she did not do.

Metts further contends that she "satisfied" Code § 2.2-814 "when she presented a demand letter . . . to both the VCCS General Counsel and the Director of Human Resources." She concedes that her "demand letter" did not follow the grievance procedure set forth by the VCCS Policy Manual. Again, before filing a complaint in circuit court, a claimant must present the pecuniary claim "to the head of the department, division, institution or agency of the Commonwealth" *and* have that claim rejected. *See* Code §§ 2.2-814, 8.01-192. On appeal, Metts alleges her "demand letter" was rejected, but such an assertion is found nowhere in the record before this Court. *See generally Karr v. Va. Dep't of Env't Quality*, 66 Va. App. 507, 520 (2016) (noting that our review is limited to the record before us).

Construing Code § 2.2-814 strictly in favor of the Commonwealth, the record does not show that Metts presented her claim to the head of VCCS before filing her suit in circuit court as required by the statute. Nor was her claim rejected as required by Code § 8.01-192. Therefore, no cause of action had accrued permitting her to seek redress in circuit court, and that court properly sustained the demurrer.[3]

---

[3] In light of this holding, we do not reach the issue of whether the employment contract required VCCS to reappoint Metts absent just cause. *See, e.g.*, *Watson-Scott v. Commonwealth*, 298 Va. 251, 258 n.2 (2019) (recognizing that appellate courts should decide cases "on the best and narrowest grounds" (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017))).

CONCLUSION

The Comptroller, although denoted by statute as a necessary party, is not an indispensable party to the case at this juncture because the Commonwealth's interests are adequately represented by VCCS. In addition, the circuit court did not err by sustaining the demurrer. Metts did not present her claim as a grievance to VCCS under the established formal grievance policy or otherwise present her claim to the head of VCCS as required by statute before filing suit in circuit court. For these reasons, the Court affirms the circuit court's judgment.

*Affirmed.*